160 So.2d 6

Jimmy K. BAGGETT et al.

v.

CITY OF MONTGOMERY.

3 Div. 37.

Supreme Court of Alabama.

Dec. 12, 1963.

Rehearing Denied Feb. 6, 1964.

Walter J. Knabe, Montgomery, for appellee.

Robt. B. Stewart, Jones, Murray & Stewart, Montgomery, for appellant.

PER CURIAM.

This is an appeal by petitioners from an adverse decree on a petition, filed in the Circuit Court, Equity Division, Montgomery County, for a declaration as to the validity of a zoning ordinance passed by appellee with respect to an area of land surrounding an airport owned by appellee and available for commercial and privately owned airplanes.

The ordinance in question was passed or adopted by the City Commission of appellee pursuant to the Airport Zoning Act, General Acts 1953, page 985, approved

.September 17, 1953, reported in Title 4, §§ 63–76, Code of Alabama Recompiled 1958. The ordinance must conform to the terms and conditions of this enabling act. Nonconforming provisions would be invalid.

It appears from the pleadings and the evidence that the ordinance here under attack as being invalid was adopted and became effective on July 5, 1961; that it was amendatory of a prior ordinance that includes some, but not all, of the land area embraced in the subject ordinance. Both ordinances were amendatory of a comprehensive zoning ordinance pertaining to Montgomery that had no connection with the Airport Zoning Act, supra.

The ordinance of 1961 embraces additional area and adopts as a part thereof a map that contains correct ground and aerial contours. The ordinance embraces all land within a radius of two miles of the airport. It confines the use of the land, with two slight exceptions, to Agricultural "A" and "B" purposes. The "A" and "B" districts include agricultural uses, horticulture, one-family residences, and flying fields. Lots for residential purposes are restricted to certain sizes. No apartments or duplex houses are permitted. Churches, libraries, and parks are permissible. Likewise, schools and hospitals are allowable.

The ordinance of 1961 contains provisions as follows:

"(b) Within an Agricultural 'A' or 'B' District, no structure or tree shall exceed two and one-half stories or thirty five (35) feet in height, except as hereinafter modified.

"(c) Within a Heavy Industrial District, no structure or tree shall exceed three stories or forty-five (45) feet in height, except as hereinafter modified."

Appellants succinctly contend in their brief as follows:

They (complainants) contend the ordinance is unconstitutional for the following reasons:

"1. Limiting the use of their land to agricultural, residential and related uses and prohibiting commercial and industrial uses are unreasonable restrictions and are not necessary to prevent an airport hazard as defined in the Airport Zoning Act.

"2. Prohibiting every use above 35 feet amounts to an unconstitutional taking of Complainants' property.

"3. The fifteen (15) day statutory notice required by Title 37, Section 733, was not given before the ordinance was adopted."

■ It is quite possible that literal application of the ordinance to some of the area embraced in the ordinance would be inequitable, unfair, harsh and unreasonable to the extent that its application to such area would be an abortive exercise of the police power upon which it depends for enforcement. Leary v. Adams, 226 Ala. 472, 147 So. 391[5]. Also, such provisions in their application would not be in harmony with the purpose and spirit of the Airport Zoning Act, supra, by authority of which the ordinance was passed. Nor would the fact that the comprehensive zoning ordinance, passed by appellee, has identical limitations excuse or justify the unreasonableness or harshness of the zoning ordinance of 1961 in its relation to the airport area.

■ It also appears from the evidence, as we view it, that the restrictions in the 1961 ordinance might not be harsh or unreasonable in their application to some of the area within the two-mile radius which the ordinance includes. We do not think it is incumbent upon this court, in this proceeding, to make a determination as to the divergent applications, nor was such duty imposed on the trial court.

The City Commission, in passing the ordinance, could not be expected nor required under the terms of the enabling act, supra,

to spell out and detail the dimensions of various types of buildings that would constitute a hazard to flying, nor to say at what point of the zoned area various types of buildings could be erected. Nor could they, with practical judgment, designate in what particular area of the two miles the heights of the buildings and trees should vary.

■ In the light of the provisions of the Airport Zoning Act, it occurs to us that the city was empowered to adopt an ordinance containing as it did a blanket or uniform restriction as to height applicable to the entire area embraced within the ordinance, and also to limit as it did the types of structures that could be erected in such area. This they could do, provided the restrictions were in whole or in part reasonably related to all or part of the area embraced in the ordinance. Unless all of the restrictions had no reasonable or fair application to any part of the area, we would not be justified in striking down the ordinance as an arbitrary and unreasonable usurpation of the police power. We must keep in mind the protection against airport hazards that the legislature had in view as expressed in the Airport Zoning Act.

The purpose of the Airport Zoning Act may be found in Title 4, § 64, Code of Alabama Recompiled 1958, reading as follows:

"§ 64. Airport hazards contrary to public interest.—It is hereby found that an airport hazard endangers the lives and property of users of the airport and of occupants of land in its vicinity, and also, if of the obstruction type, in effect reduces the size of the area available for the landing, taking-off and maneuvering of aircraft, thus tending to destroy or impair the utility of the airport and the public investment therein. Accordingly, it is hereby declared: (a) That the creation or establishment of an airport hazard is an injury to the community served by the airport in question; (b) that it is therefore necessary in the interest of the public health, public safety, and general welfare that the creation or establishment of airport hazards be prevented; and (c) that this should be accomplished, to the extent legally possible, by exercise of the police power. It is further declared that both the prevention of the creation or establishment of airport hazards and the elimination, removal, alteration, mitigation, or marking and lighting of existing airport hazards are public purposes for which political subdivisions may raise and expend public funds and acquire land or property interests therein."

Realizing that the zoning authorities could and should not undertake to anticipate the various airport hazards, viewing prospectively improvements in airplane ascending and descending technique and the changing government regulations with reference thereto, the legislature wisely included Subsection (2) of § 69, dealing with variances, as follows:

"(2) Variances.—Any person desiring to erect any structure, or increase the height of any structure, or permit the growth of any tree, or otherwise use his property in violation of airport zoning regulations adopted under this chapter, may apply to the administrative agency for a variance from the zoning regulations in question. *Such variances shall be allowed where a literal application or enforcement of the regulations would result in practical difficulty or unnecessary hardship and the relief granted would not be contrary to the public interest but do substantial justice and be in accordance with the spirit of the regulations and this chapter; provided, that any variance may be allowed subject to any reasonable conditions that the board of adjustment may deem necessary to effectuate the purposes of this chapter."* (Emphasis Supplied.)

Further providing for such variances, the legislature included § 72(a) and (b) in the Airport Zoning Act, supra, as follows:

"§ 72. Administrative agency.—(1) All airport zoning regulations adopted under this chapter shall provide for an administrative agency to have and exercise the following powers:

"(a) To hear and decide any special exceptions to the terms of the airport zoning regulations upon which such agency may be required to pass under such regulations:

"(b) To authorize in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The administrative agency (here the Board of Adjustment), in our judgment, has and must exercise broad latitude in departing from the literal application or enforcement of the zoning regulations when and where such literal application would result in unnecessary hardships or confiscation of property rights contrary to law. The relief granted must not be contrary to public interest, but must be in accord with the spirit of the act, particularly impressed by § 64, supra.

In addition, any person aggrieved by the decision of the administrative agency, may, if he deems advisable, appeal to the Circuit Court of Montgomery County. Such trial court is invested with all the powers of the administrative agency from which the appeal is taken. Specifically, § 70 of the act gives to the Circuit Court the aforequoted powers. § 72(a) and (b), supra.

We hold that the statutory genesis of the ordinance amply protects any property owner against confiscation of his property or any arbitrary and unreasonable control of such property rights. If the general restrictions as to structures or the uniform and blanket limitation as to height of any building or tree works an injustice or imposes any unfair restraint on a property owner as to the use of his property, he has a clear and adequate remedy for relief. We do not think this court should strike down the entire ordinance because of an abuse of some individual rights.

With reference to the statutory notice required to be given before passage of the amendatory ordinance, we hold that the time specified in § 67 of the Zoning Act, namely, once a week for two successive weeks, is sufficient. The ordinance was published in a newspaper of general circulation on June 16, 1961, and again on June 23, 1961, prior to its passage and adoption on July 5, 1961, The preservation by § 76 of the Zoning Act of § 773, Title 37, Code of Alabama 1940, in our judgment, has no bearing on the provision contained in § 67, supra. Publication for one week means 6 days; two weeks means 12 days. § 716, Title 7, Code of Alabama 1940.

We hold that the final decree of the trial court was free from error. It is therefore affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.