Alabama Power Company made application to the Brewton Board of Zoning Adjustment for a variance from the Brewton zoning ordinance which governed the proposed site of an electrical substation. A hearing was held and the variance was denied. The Power Company appealed to the circuit court, where the cause was tried de novo without a jury. Appellee Jernigan, one of the affected landowners, was permitted to intervene in the circuit court. After a hearing, the trial court entered its order denying the Power Company a variance. This appeal is from that judgment.
The evidence showed that the Power Company had bought a vacant lot which was zoned for a single family residence use. A variance could be granted by the Board of Zoning Adjustment, subject to such conditions as the Board required to preserve and protect the character of the area and otherwise promote the purpose of the zoning ordinance.
The Power Company had previously applied for and was granted a variance on the subject lot prior to the current application, but the action of the Board was set aside by the circuit court after Mrs. Jernigan filed an action for declaratory judgment challenging the action of the Board on the ground that it was illegally constituted at the time it granted the variance. The judgment of the trial court in that action was not appealed and is not challenged here.
The Power Company argues that the trial court erroneously denied its application for a variance in this case because the evidence shows that it has suffered unnecessary hardship in the denial of the application, that the injury to it is unique, that the public interest would better be served by allowing the variance, and that that factor should be weighed along with the effect that the variance would have on the surrounding property.
Evidence adduced on behalf of the Power Company tended to show that the Brewton area required an additional substation, that engineering studies indicated that the area in which the lot was situated was the most desirable area for such a substation and that the Power Company had purchased the lot for that purpose, having paid approximately $4,000 for it, and that it was the only site available in the area. It denied that the substation would have any adverse effect on the surrounding property. The lot had been purchased after the first variance was granted, and before the court declared that action of the Zoning Board void.
On the other hand, Mrs. Jernigan, as intervenor in opposition to the variance, put on evidence which indicated that the presence of an electrical substation in the neighborhood would have an adverse effect on surrounding property values, that it would be unsightly, and would emit a noise which would disturb the peaceful enjoyment of surrounding property. There was some evidence that the presence of the installation would likely interfere with television reception in the area. Mrs. Jernigan denied the Power Company's assertion that the lot involved was the only suitable lot available for the construction of a substation.
Under the statutes creating it, a board of adjustment has the authority to grant variances from zoning ordinances. Under Title 37, § 781, Code, the boards of adjustment are given the power to hear and decide appeals from decisions of administrative officials, to decide special exceptions, and:
 ". . . To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. . . ." *Page 1027 
In the instant case, the Board of Adjustment refused to grant the variance and the Power Company appealed, as it had a right to do, to the circuit court. Under our statute the appeal is de novo. However, as stated in Nelson v. Donaldson, 255 Ala. 76,80, 50 So.2d 244, 248 (1951):
 "The inquiry in the circuit court is neither enlarged nor diminished by appeal. The scope of inquiry on appeal is the same as before the board of adjustment, though the circuit court is a court of general jurisdiction. In other words, under our statute the authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the board of adjustment by § 781, Title 37, Code 1940. . . ."
In Nelson, the court went on to say that variances from the terms of an ordinance should be permitted only under ". . . peculiar and exceptional circumstances. Hardship alone is not sufficient. The statute says `unnecessary hardship.' . . ." (255 Ala. at 84, 50 So.2d at 251)
That case also delineated the scope of review available in this court on appeal from a decision of the trial court; and held that inasmuch as the testimony is taken orally before the trial court, the trial court's findings on the facts has the effect of a jury verdict, and will not be disturbed on appeal unless plainly erroneous.
We have reviewed the evidence presented in this case and find that there was evidence from which the trier of the facts could conclude that the denial of the variance would not constitute an "unnecessary hardship" to the Power Company. Therefore, we are not at liberty to reverse the trial court on this basis.
The Power Company next contends that the statute which empowers a board of adjustment to grant or deny a variance from a zoning ordinance also requires the board, and the trial court on appeal, to make a "return which concisely sets forth facts as may be pertinent and material to show the grounds of the decision that is on appeal," citing Title 37, § 781.
The Alabama statutes were taken generally from the Standard State Zoning Enabling Act prepared by the U.S. Department of Commerce, which was adopted in many states. Nelson v.Donaldson, supra. The standard act provided that review of the acts of such boards was to be by petition for certiorari. Alabama, however, like many other states, provided instead that judicial review would be by way of appeal for a trial de novo in the circuit court. The provision of the standard act requiring the board to make "a return" (to the writ of certiorari) concisely setting forth the material facts upon which the decision was made, is meaningless where a trial de novo is mandated. We are in agreement with the appellee that the last two sentences of § 781 were inadvertently included in the Alabama act, inasmuch as that act rejected review by certiorari and adopted instead judicial review by way of an appeal de novo.
For that reason, we cannot agree with the Power Company that Rule 52 (a), ARCP, requires the trial court to make a finding of fact in cases appealed to it de novo from decisions of boards of adjustment. The Power Company argues that since the act requires the board to make findings of fact, the trial court is also required to do so, since it sits "as a glorified board of adjustment." We agree that on a trial de novo in the circuit court, that court sits in a sense as the board of adjustment. However, this does not require a finding of fact under Rule 56 (a). That rule makes mandatory a finding of fact by the trial court, only when required by statute. Inasmuch as we hold that Title 37, § 781, makes no such requirement, either by the board or the court on appeal de novo, there is no error to reverse for failure of the trial court to make findings in this case.
The judgment appealed from is, therefore, affirmed.
AFFIRMED. *Page 1028 
MADDOX, FAULKNER, and BEATTY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.