This appeal arises from a declaratory judgment holding that certain property in the City of Mobile was properly rezoned from residential to business use. We reverse and remand.
On January 27, 1975, Dr. Joe B. Ray, Appellee, filed an application with the Zoning Administrator of the Mobile Inspection Services Department to rezone certain land from R-1 (Single Family Residence) to B-1 (Buffer Business District) so that he could open medical offices on the premises. After conducting an investigation, the Administrator recommended that the application *Page 358 
be denied, and sent this recommendation and the application to the Mobile Planning Commission.
The Planning Commission originally set a hearing for February 6, 1975, but this was postponed until March 6. After both sides presented evidence and arguments at the March 6 meeting, the Commission voted on the matter. With the Commission Chairman voting against approval, the vote ended in a 4-4 tie (1 member abstained). Following this disapproval of the application, the Commission advised Ray of his right to appeal. The application was not forwarded to the City Board of Commissioners at this time.
Thereafter, allegedly in contravention of its own by-laws, the Planning Commission reconsidered the application at its next monthly meeting (April 3, 1975) and voted unanimously for its approval. The motion to reconsider was made by Commissioner Greenough, who had previously voted for approval of the application.[1] Following this second vote, the application, together with the Planning Commission's recommendation, was forwarded to the Mobile City Board of Commissioners which, after notice and public hearings, also voted unanimously for approval. The relief sought by the declaratory judgment action which followed was denied.
Because of our views expressed herein, Appellants' contention that the Planning Commission and the City Board of Commissioners acted arbitrarily and illegally will not be considered. Therefore, a more complete recitation of the particular facts upon which the Commission's vote was based is inappropriate.
Lynnwood Property Owners Association, together with the other Appellants, contend that the Planning Commission violated its own regulations and by-laws in reconsidering Ray's application at the April 3 meeting. It asserts that the Commission thus deprived it of procedural due process of law.
Title 37, § 774, Code,[2] provides:
 For the purpose of promoting health, safety, morals or the general welfare of the community, the legislative body of incorporated cities and towns is hereby empowered to regulate and restrict . . the location and use of buildings, structures and land for trade, industry, residence or other purpose.
Section 778 provides:
 The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended . . . and may adopt such ordinances as may be necessary to carry into effect and make effective the provisions of this article. . . .
Section 779 provides:
 Such regulations, restrictions and boundaries, and ordinances passed under the authority of this article may from time to time be amended. . . . The provisions of section 778 of this title relative to public hearings and official notices shall apply equally to all changes and amendments.
Pursuant to the above-stated Code provisions and in compliance with § 780 and § 787, the City of Mobile created the Planning Commission. By § 789, the Commission was empowered to "adopt rules for transaction of business." Section 793 requires the affirmative votes of not less than six members of the Commission before an amendment to the zoning ordinance may be approved.
The zoning ordinance of the City of Mobile specifically provides the three methods in which any amendment to the ordinance is to be effected. Section IX, B, AmendmentProcedure, provides, inter alia:
 "1. By Whom Initiated. Amendments to this ordinance may be initiated by the Board of Commissioners on its own motion *Page 359 
or by the Planning Commission; amendments may also be initiated by any person, firm or corporation by filing a written application therefor with the Inspection Services Department. . . ."
If an application is filed pursuant to the third type of initiatory procedure, as was done here, the Inspection Services Department shall investigate and make its recommendations to the Planning Commission. Mobile City Zoning Ordinance, VIII B, 2, and IX B, 3. Thereafter, the ordinance provides in part IV:
 "The Planning Commission shall consider each application for amendment and shall approve or disapprove the application. If the application is approved, the Department shall certify the application to the Board of Commissioners for public hearing and shall notify the applicant. . . ."
This procedure was used here. As stated, after the Inspection Services Department conducted its investigation and gave its recommendation, the Planning Commission conducted hearings on March 6 and disapproved the application. Therefore, it was not forwarded to the City Board of Commissioners. It is the reconsideration, which occurred on April 3, that Appellants contend is unjustified and illegal.
Mobile City Planning Commission By-laws, Section V, 3, provides:
 "3. Planning Commission Review: Cases before the Commission shall be presented in summary by a designated member of the Commission or a member of its staff. Within a reasonable time the Commission shall make its decision and shall notify the applicant by mail. If the application is approved, it shall be forwarded together with supporting data to the Board of Commissioners with a recommendation for public hearing by the Board of Commissioners.
 "As a matter of policy, unless the applicant can prove extenuating circumstances, an application that has been denied will not be reconsidered for a period of six months and then only if the applicant has furnished proof that there has been substantial change in circumstances surrounding the application to warrant reconsideration.
". . ."
Thus, by reconsidering Ray's application less than one month after its disapproval, and without proof of a change of circumstances, the Commission violated the above-stated by-laws. Because these by-laws were specifically authorized by the Code, they have the same force and effect as properly enacted statutes. See Tit. 37, §§ 774, 778, 779, 780, 787 and 789, Code. Furthermore, should the reconsideration be deemed an appeal, it likewise is unauthorized as appeals are to be heard twice yearly — in January and in July. Mobile City Planning By-laws, § V, 5.
It cannot be denied that the City is authorized to amend its zoning ordinance. Tit. 37, § 774, et seq., Code; Shell Oil Co.v. Edwards, 263 Ala. 4, 81 So.2d 535 (1955). See also Ball v.Jones, 272 Ala. 305, 132 So.2d 120 (1961). Such amendments, however, must comply with both State and Federal constitutional guarantees. McQuillin, 8 Municipal Corporations, §§ 25.38 and 25.58; and 101 C.J.S. Zoning § 27. See also City of Birminghamv. Monk, 185 F.2d 859 (5th Cir. 1950); and Masters v. Pruce,290 Ala. 56, 274 So.2d 33 (1973). Moreover, a zoning ordinance or amendment must be enacted pursuant to, and in substantial conformity with, the zoning statutes or enabling act authorizing it. Alabama Alcoholic Beverage Control Board v.City of Birmingham, 253 Ala. 402, 44 So.2d 593 (1950); Johnsonv. City of Huntsville, 249 Ala. 36, 29 So.2d 342 (1947);Treadway v. City of Rockford, 24 Ill.2d 488, 182 N.E.2d 219
(1962); and Smart v. Lloyd, 370 S.W.2d 245 (Tex.Civ.App. 1963). See also McQuillin, supra, at §§ 25.58, 25.67, 25.67a; and Rathkopf, The Law of Zoning and Planning, §§ 4.02, 10.01.
Though arising in a somewhat different context, we have previously held that a Planning Commission.
 ". . . is authorized to adopt regulations not inconsistent with the statutes. The Mountain Brook Planning Commission *Page 360 
has adopted such regulations . . and is bound by any limitations on its authority contained in the legislation authorizing it to act, as well as any restrictions contained in its own regulations." Boulder Corp. v. Vann, 345 So.2d 272, 275 (Ala. 1977). (Emphasis added.)
Cases in foreign jurisdictions which have addressed this question have stated similar requirements.
 "A municipal legislative body is bound to follow the regulations it has adopted, in the exercise of its delegated legislative power.
". . .
 "If a zoning body is going to attempt to participate in the decision-making process as both petitioner and judge, the very least that can be expected is that it will play the game according to its own rules. This was not done here, and the failure to comply with its own published procedures was fatal to the decision. . . ." Miller v. City of Albuquerque, 89 N.M. 503, 554 P.2d 665, 669
(1976).
See also McArthur v. Zabka, 177 Col. 337, 494 P.2d 89 (1972), and County Commissioners of Anne Arundel County v. Ward,186 Md. 330, 46 A.2d 684 (1946). See, generally, Harnett v. Boardof Zoning, Subdivision and Building Appeals, 350 F. Supp. 1159
(D.V.I., 1972).
Ray contends that, because the Commission itself could initiate the amendment this particular by-law need not be comported with. See Mobile City Zoning Ordinance, IX B, 1. This, however, begs the question because here Ray initiated the amendment by filing his application with the Zoning Administrator of the Inspection Services Department. Thus, the procedure utilized must be that applicable to this set of circumstances. Otherwise, the Commission could ignore its own by-laws in considering every amendment applied for by individual landowners.
 "The Board of County Commissioners, as an administrative body, was bound to follow the regulations it adopted, in the exercise of its delegated legislative power. . . . The fact that it might have re-zoned the area, upon due notice and after hearing, does not alter its obligation to adhere to existing regulations, or authorize it to make special exceptions in individual cases." County Commissioners of Anne Arundel County, supra, 46 A.2d at 688-9.
Ray further argues that the subsequent action of the City Board of Commissioners ratified and, thus, cleansed the amendment of its procedural infirmities. This assertion is fallacious, however, because, in the context of this case, the invalid act cannot be made valid by ratification. CountyCommissioners of Anne Arundel County, supra; Miller, supra; andCity of Syracuse v. Snow, 123 Misc. 568, 205 N.Y.S. 785 (1924). This is true regardless of the fact that the Planning Commission merely recommended the proposed amendment to the City's legislative body, the Board of Commissioners.
To allow the Commission to ignore its own by-laws and regulations with impunity would foster impermissible arbitrariness by our city governments. The mandates of procedural due process of law prevent such actions. Therefore, we hold that Lynnwood was deprived of procedural due process when the Commission reviewed and reconsidered Dr. Ray's zoning amendment application which previously had been disapproved at the preceding monthly meeting. Fairness requires that the Commission follow its own rules. The public, or at least those whose interests are affected by a zoning amendment, has the right to rely upon the Commission's following its own ordained procedures. McArthur, supra.
By the foregoing, we are not to be understood as foreclosing the Commission's power to amend the zoning ordinance or to reconsider previously denied applications for amendment. It has such power provided it does not run afoul of the enabling act, the ordinances and regulations enacted pursuant to such act, and the constitutional requirements of due process.
The judgment of the trial Court is reversed and the cause is remanded.
REVERSED AND REMANDED. *Page 361 
MADDOX, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., concurs in result.
[1] 3 of the 9 members of the Planning Commission are also members of the City Board of Commissioners.
[2] §§ 11-52-73, et seq., Code 1975.