We granted certiorari to review the action of the Court of Civil Appeals in affirming a judgment of the Circuit Court of Jefferson County, Bessemer Division, which denied what the court had treated as a use variance request by Alabama Power Company to expand an electrical substation in Hueytown.
The facts are fully set out in the opinion of the Court of Civil Appeals, but we restate *Page 1127 
a few of the pertinent facts here. Alabama Power Company had owned and operated the electrical substation on the subject property since 1948, in an area of Hueytown zoned R-2. The city Zoning ordinance permitted a public utility structure and specifically an electrical substation to be located in an area zoned R-2. Nevertheless, as the Court of Civil Appeals noted, it appears that Alabama Power specifically requested from the Hueytown Board of Zoning Adjustment permission to enlarge the substation. After several hearings, and visiting the site of the substation, the Zoning Board granted its "permission to remodel and enlarge the substation."
Several landowners owning real estate adjacent to the substation were displeased with the decision of the Zoning Board, and appealed to the circuit court.
At trial, Alabama Power's application was treated as a request for a use variance. Evidence was taken from the aggrieved landowners and from Alabama Power's representatives.
The jury returned a verdict in favor of the landowners and from the judgment rendered thereon the Zoning Board appealed to the Court of Civil Appeals. That court affirmed.
It appears, and the Court of Civil Appeals found, that in the circuit court the parties and the court proceeded under the theory that Alabama Power was seeking a variance to the zoning restrictions and not making application for a building permit.
The distinction is in the test to be applied in determining whether either a variance or permit is granted. Under the applicable zoning ordinances, it is incumbent upon the party seeking a variance to show that its denial would cause "undue hardship," while in applying for a building permit, the applicant need only show that the building is "reasonably necessary for the public convenience or welfare." The burden upon the applicant is undeniably higher when seeking a variance.
The Court of Civil Appeals held, in part:
 "The first issue we will consider is the Zoning Board's contention that the trial court committed reversible error in refusing to allow the introduction into evidence of the transcript of proceedings made before the Board at the original hearing.
 "Title 37, section 783, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 11, chapter 52, section 81, Code of Alabama 1975) provides that:
 "`Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo.'
 The de novo hearing provided for in section 783 envisions an entirely new hearing before the circuit court in matters involving a use variance application. The circuit court sits as the Board of Zoning Adjustment and proceeds as if no hearing has ever been held. And, as a consequence, the applicant for a use variance has the burden of proving again its need for the variance.
 "In view of the type proceedings to be had in the circuit court, we are unable to perceive the efficacy of certifying the transcript of the Hueytown Board of Zoning Adjustment proceedings to the circuit court other than to permit a better understanding of the issues before the circuit court. Former Chief Justice Heflin commented in Fulmer v. Board of Zoning Adjustment, 286 Ala. 667, 244 So.2d 797 (1971) that:
 "`. . . [O]ne of the reasons for the requirement that a transcript of the proceedings before said board be certified to the court is to inform the court of the issues involved.'
 In our view, this is the only real function of the statutory requirement that the *Page 1128 
transcript be certified to the circuit court, i.e. to delineate the issues before the circuit court. Furthermore, we are convinced that the transcript would have no evidentiary value in view of the de novo type hearing to be conducted in the circuit court. In the instant case the circuit court was adequately apprised of the nature of the proceeding before it. It also heard testimony and accepted other evidence from the plaintiffs and defendants in accordance with a de novo hearing. Consequently, the parties cannot complain that the court was not aware of the issue to be tried nor that they did not have the opportunity to present evidence to support their contentions. Accordingly, the circuit court will not be held in error for refusing to admit the transcript of the proceedings before the Board of Zoning Adjustment into evidence during the hearing before the circuit court since it has not been shown that the Power Company was prejudiced by the circuit court's action."
The Court of Civil Appeals is correct in holding that the trial de novo should proceed on the same issues raised in the proceeding before the Board of Zoning Adjustment, and it is correct in holding that ". . . one of the reasons for the requirement that a transcript of the proceedings before said board be certified to the court is to inform the court of the issues involved."
The critical question, therefore, is: "what issues were actually presented to the Board of Zoning Adjustment?" The parties disagree vigorously about the answer to this question. The Board of Zoning Adjustment says that it treated Alabama Power's application to expand and remodel this substation as an application for a building permit. The trial court and the Court of Civil Appeals obviously treated the application as one for a variance.
The nature of the proceeding before the board is critical because under the old Title 37, Section 783, Code of Ala. 1940, (Recomp. 1958) [§ 11-52-81 Code of Ala. 1975], an appeal to the circuit court contemplated a trial de novo, where the judge or jury, if one is demanded, sat as a Zoning Board and ". . . thescope of inquiry is the same as that before the board of zoningadjustment from which the adverse decision was appealed." [Emphasis added.] City of Mobile v. Cunningham, 46 Ala. App. 461, 243 So.2d 723 (1971); Southern Rock Products Co. v. Boardof Zoning Adjustment of City of Trussville, 282 Ala. 186,210 So.2d 419 (1968); Nelson v. Donaldson, 255 Ala. 76,50 So.2d 244 (1951). In Nelson v. Donaldson, supra, the court said, at page 80, 50 So.2d at page 248:
 "The inquiry in the circuit court is neither enlarged nor diminished by appeal. The scope of inquiry on appeal is the same as before the board of adjustment, though the circuit court is a court of general jurisdiction. In other words, under our statute the authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the board of adjustment by § 781, Title 37, Code 1940." [Cites omitted] [emphasis added].
It is undisputed that what the Power Company wanted to do was to enlarge and remodel its substation and that the Board of Zoning Adjustment granted it permission to do so. It is also undisputed that a substation was a permitted use in a R-2 zone.
The Court of Civil Appeals' finding that "the proceedings below were conducted by the parties and the trial court on the premise that a variance had been requested" must, of necessity, refer only to the de novo proceedings. That is so, because the evidence of what was before the Board of Zoning Adjustment wasexcluded from evidence.
In any event, the de novo hearing must proceed as authorized by statute. The circuit court is without jurisdiction to try issues not raised before the board. Nelson v. Donaldson, supra.
We do not make a finding relative to what issue was actually presented in the proceedings before the Board of Zoning Adjustment, but we would point out that it *Page 1129 
would appear to be unnecessary to require a zoning variance if a use did not violate a permitted use.
The Board of Zoning Adjustment strongly insists that the proceeding before it was for a special use, not a variance. The Board's attempt to get a verified copy of the proceedings before the trial court were frustrated. The Board's attempt to limit the jury's consideration to the "special use" issue was fruitless.
We do not hold that the issue before the Board of Zoning Adjustment was as contended by it. We do hold that a circuit court is without power to change the issue on appeal de novo.
One of the reasons our statute requires a certified copy of the proceedings before the Board to be filed is to allow the circuit court to frame the issues on appeal de novo. This was not done in this case, and because it was not done, the parties are still in disagreement.
Under Rule 16, ARCP, the parties should be able to stipulate what issues were presented to the Board. If they cannot resolve that question, then the trial court should make a finding, based on the certified copy of the proceedings before the Board, what the real issue was.
The judgment of the Court of Civil Appeals is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur.