BRADLEY, Judge.
This is an appeal from a summary judgment rendered against an applicant for a use variance to a zoning ordinance.
Lucy Drake Graham is the owner of several acres of land abutting Drake Avenue in Huntsville, Alabama. This property lies in a district which has been zoned as “Residence A-l.” Only single family dwellings, churches, public facilities, • and farms are allowed in such a district.
Mrs. Graham applied to the City of Huntsville for a permit to allow her to locate a house trailer on this property. The purpose was to house a watchman who would protect her and her property. She stated that threats had been made on her life. The request for the permit was denied and Mrs. Graham appealed to the Board of Zoning Adjustment of the City of Huntsville.
*699 Mrs. Graham’s request for a variance to permit her to locate a house trailer on her property, which was located in a district zoned “A-l Residential,” was not approved by the Board. She appealed to the Circuit Court of Madison County for a trial de novo as authorized by § 11-52-81, Code of Alabama 1975.
Prior to a trial on the merits, the City filed a motion for summary judgment. Accompanying the motion was a certified copy of the proceedings before the Board, appellant’s deposition, and the affidavit of an official of the City Planning Commission. Mrs. Graham filed an answer to the motion and an affidavit in support thereof. After due consideration the trial court granted a summary judgment to the City. Mrs. Graham requested a rehearing but it was denied. She appeals to this court.
Mrs. Graham says here that the summary judgment was erroneous because there was at least a scintilla of evidence supporting her claim for a use variance to the City’s zoning ordinance.
Rule 56, ARCP, provides that a summary judgment may be awarded
if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
The supreme court said in McGuire v. Wilson, Ala., 372 So.2d 1297 (1979) that:
The summary judgment standard embodied in Rule 56, ARCP, is conjunctive. There must not only be an absence of genuine issue as to material fact, but there must also be circumstances entitling the moving party to judgment as a matter of law.
If, under any conceivable set of circumstances, there is a scintilla of evidence by which the non-moving party may recover against the moving party according to a cognizable theory of law, a motion for summary judgment should not be granted in favor of the moving party. Harbour v. Colonial Fast Freight Lines, Inc., Ala., 336 So.2d 1100 (1976); see Whitehead v. Davison Oil Co., Ala., 352 So.2d 1339 (1977); Educators’ Investment Corp. of Alabama v. White, Ala.Civ.App., 374 So.2d 905 (1979); ARCP 56, Committee Comments. Even if the facts alleged by the movant in support of his motion for summary judgment are uncontroverted, the motion must be denied unless the movant is entitled to such a judgment as a matter of law. Hudson Thompson, Inc. v. Leslie C. King Co., Ala., 361 So.2d 541 (1978).
After a careful examination of the record evidence and considering the inferences to be gleaned therefrom in a light most favorable to the City, we do not believe that the City was entitled to a judgment as a matter of law.
Section ll-52-80(d), Code of Alabama 1975 empowers a board of adjustment to grant a variance from the literal application of a zoning ordinance provided that such a variance will not be inimical to the public interest, “where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.” In Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951) the supreme court said that:
[Hjaving in mind the public interest, and the interest of the people in a given use district, the legislature intended that so long as no oppression or unnecessarily great burden exists and, therefore, no great individual injustice done, the ordinance should be applied strictly; but, on the other hand, if the situation is such as to indicate oppression and unnecessary individual burden, then the spirit of the zoning ordinance would not be in accordance with the spirit of the law, that it should not be applied strictly and literally.

Variances from the terms of the zoning ordinance should be permitted only under peculiar and exceptional circumstances. Hardship alone is not sufficient. The *700 statute says “unnecessary hardship,” and mere financial loss of a kind which might be common to all of the property owners in a use district is not an “unnecessary hardship.”
In Nelson the type of hardship being considered was a financial one, whereas in the case at bar the “unnecessary hardship” relied on by Mrs. Graham for a variance was not primarily financial. Although Mrs. Graham said in her answer to the motion and in her affidavit that the failure to grant the variance would result in an unnecessary hardship to her because it would inflict on her financial and other loss uncommon to the other property owners in the zoned district and that a grant of a variance to her would not be contrary to the interests of the other property owners, the main thrust of her request for a variance not only in her application to the City but also in her deposition, was that her personal safety was at stake. She stated that her life had been threatened and she wanted a watchman to be on the premises twenty-four hours a day. She lived alone and she wanted the watchman to live in the mobile home which was located close to her residence so that she could be protected. Thus the question is presented as to whether the ordinance should be literally applied in Mrs. Graham’s case or whether to do so would be an unnecessary hardship to her.
We are satisfied, however, that the evidence offered in support of the summary judgment shows that Mrs. Graham does not dispute the City’s claim that her property can be reasonably put to a conforming use, but such evidence does not refute Mrs. Graham’s claim that she might suffer financial or other loss uncommon to other property owners in her district if the variance was denied. Consequently we believe that there is a conceivable set of circumstances by which Mrs. Graham might be entitled to a variance. This being so, it follows that the City was not entitled to a summary judgment as a matter of law.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.