459 So.2d 896 (1984)
Emmett T. SWANN
v.
BOARD OF ZONING ADJUSTMENT OF JEFFERSON COUNTY, ALABAMA.
Civ. 4210.
Court of Civil Appeals of Alabama.
July 11, 1984.
Rehearing Denied August 8, 1984.
Certiorari Denied November 21, 1984.
*897 Charles H. Huey, Birmingham, for appellant.
Charles S. Wagner, Birmingham, for appellee.
Alabama Supreme Court 83-1297.
PER CURIAM.
This is a zoning case. The plaintiff attempted to secure a variance that would enable him to operate a retail plant and flower business in an area zoned R-1 (residential). The circuit court upheld the Board of Zoning Adjustment's refusal to grant a variance. We reverse.
The following is pertinent. In 1974, Emmett T. Swann purchased the subject property. Mrs. Swann's hobby was growing flowers, and consequently, the couple erected a small greenhouse on their lot. In 1976, when the couple began thinking of retirement, someone suggested that Mrs. Swann's hobby be turned into supplemental income for the couple's retirement. When their son-in-law advised them that the zoning on their property was C-1 (commercial), the Swanns purchased business licenses and began operations. In 1977, they constructed a second greenhouse, measuring fourteen feet by eighty feet; in 1980, they were in the process of preparing a third greenhouse, measuring thirty-six feet by seventy feet, when the zoning board stopped them and advised them the area was zoned R-1.
On July 11, 1980, Mr. Swann filed a request with the Jefferson County Commission to have the land rezoned from R-1 to C-1. The application was denied on September 16, 1980, and Mr. Swann chose not to appeal. Instead, on September 23, 1980, *898 he filed an application for a use variance with the Board of Zoning Adjustment to allow operation of an existing greenhouse with retail sales located in an area zoned residential.
On September 30, 1980, while Mr. Swann's application was pending, the Jefferson County Commission passed a zoning resolution which stripped the Board of Zoning Adjustment of its power to grant use variances. Thereafter, on October 27, 1980, the Board denied the variance for lack of a majority vote, and Mr. Swann appealed to the circuit court.
On September 29, 1983, the learned trial judge entered a summary judgment on the defendant's motion, apparently bottomed on the premise that the September 30, 1980, resolution of the Jefferson County Commission precluded the relief the plaintiff sought.
This case requires interpretation of the powers granted to the Jefferson County Commission and the Board of Zoning Adjustment of Jefferson County by the state legislature in the enabling statute. See [1947] Ala.Acts 344.[1]
At issue is whether the Jefferson County Commission has the power to take away from the Board of Zoning Adjustment a traditionally recognized power to grant use variances in "unnecessary hardship" cases. See generally Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). Accord, e.g., Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969); Thompson, Weinman & Co. v. Board of Adjustment, 275 Ala. 278, 154 So.2d 36 (1963); City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642 (1963); Board of Zoning Adjustment v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957); Graham v. City of Huntsville, 398 So.2d 698 (Ala.Civ.App.), cert. denied, 398 So.2d 700 (Ala.1981). Cf. Baggett v. City of Montgomery, 276 Ala. 166, 160 So.2d 6 (1963) (Airport Zoning Act).
The following general discussion of Alabama zoning law hopefully places the present issue in the proper perspective:[2] Cities and other municipal corporations in Alabama do not have the inherent power to enact and enforce zoning regulations. See, e.g., Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So.2d 593 (1950). Municipal corporations have, however, been granted the power to enact comprehensive zoning ordinances by the legislature. See e.g., §§ 11-52-70 through -84, Ala.Code (1975). Any zoning ordinances which are enacted under this delegated legislative authority must be enacted pursuant to, and in substantial conformity with, the enabling act. Lynnwood Property Owners v. Lands Described in Complaint, 359 So.2d 357 (Ala.1978).
Ordinarily municipal ordinances are presumed to be valid and reasonable and within the scope of the powers granted municipalities to adopt such ordinances, and therefore, such ordinances will not be struck down unless they are clearly arbitrary and unreasonable. Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625 (1969). Zoning ordinances are no exception.
"[Z]oning is a legislative function committed to the sound discretion of municipal legislative bodies, not to the courts. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968); Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553 (1948). As a result, local governing authorities are presumed to have a superior opportunity to know and consider the varied and conflicting interests involved, to balance the burdens and benefits and to consider the general welfare of the area involved. Episcopal Foundation of Jefferson County v. Williams, *899 281 Ala. 363, 202 So.2d 726 (1967); Leary v. Adams, 226 Ala. 472, 147 So. 391 (1933). They, therefore, must of necessity be accorded considerable freedom to exercise discretion not diminished by judicial intrusion. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950). Nevertheless, this discretion is not unbounded, and local authorities may not, under the guise of legislative power, impose restrictions that arbitrarily and capriciously inhibit the use of private property or the pursuit of lawful activities. When such arbitrary and capricious action is made apparent, a reviewing court will not hesitate to disturb the zoning determination as a clear abuse of discretion."

City of Birmingham v. Morris, 396 So.2d 53, 55 (1981) (emphasis added). Accord, Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961).
Because zoning ordinances impose restrictions on the use of private property, see generally, Smith v. City of Mobile, 374 So.2d 305 (Ala.1979), in the same statutory schemes that empowered local governments to enact zoning ordinances, the legislature provided for boards of zoning adjustment that could determine that in particularly harsh situations the zoning ordinances enacted by the municipality should not be applied literally. Cf. Baggett v. City of Montgomery, 276 Ala. 166, 160 So.2d 6 (1963) (Airport Zoning Act). These boards are authorized to make proper adjustments to prevent "unnecessary hardship," i.e., to grant variances from the zoning ordinance's requirements. See Alabama Power Co. v. Brewton Board of Zoning Adjustment, 339 So.2d 1025 (Ala.1976); Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969).
The term "variance" can encompass anything from a slight modification in height, area, or distance of a building from boundaries to the authorization of a non-conforming use. See Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951).
The power and the authority of the board of zoning adjustment (to determine that the facts are such as was intended by the legislature to entitle a property owner to a variance from the terms of a zoning ordinance) is not a delegation of legislative authority; the board of zoning adjustment sits as an administrative body performing a quasi-judicial function. Id. Accord, Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961). And, since the board of adjustment derives its powers directly from the state legislature, such powers cannot be circumscribed, altered, or extended by the municipal governing body. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). Accord, Water Works Board v. Stephens, 262 Ala. 203, 78 So.2d 267 (1954).
If a property owner is unsuccessful in his attempt to secure a variance from a board of zoning adjustment, he may perfect a de novo appeal to the appropriate circuit court. The authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the board of adjustment, Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951); and the scope of the inquiry by the circuit court is limited to only those issues which could be properly presented to the board of zoning adjustment. The de novo hearing provided for under state law envisions an entirely new hearing in the circuit court as if the matter had not been tried before. Board of Zoning Adjustment v. Warren, 366 So.2d 1125 (Ala.1979). Although state law requires that a transcript of the proceedings before the board of zoning appeals be certified to the circuit court, it appears that this transcript has no evidentiary value, but is for the primary purpose of permitting a better understanding of the issues tried before the board. Id.
The controlling part of the statutory scheme which authorized the Jefferson County Commission to exercise zoning powers and established the Board of Zoning Adjustment of Jefferson County is as follows:
"Section 8. BOARD OF ADJUSTMENT. In availing itself of the powers *900 conferred by this Act, the governing body of the county shall provide for the appointment of a board of zoning adjustment.... The board of adjustment shall have the following powers: ... (3) to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the resolution or order will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."
[1947] Ala.Acts 344 (emphasis added).
Because the words "unnecessary hardship" have been interpreted to allow the granting of use variances, supra, p. 3, that portion of the Jefferson County Commission's September 30, 1980, resolution which provides that "[i]n no case shall the Board [of Zoning Adjustment] grant a variance that permits the permanent use of land, building or structure for a use prohibited within the District in which the land, building or structure is located" is in conflict with the Board's traditional powers. Such restriction on the Board's authority is obviously inconsistent with the applicable enabling statute, and is, therefore, invalid. See, e.g., Lynnwood Property Owners v. Lands Described in Complaint, 359 So.2d 357 (Ala.1978). (A further argument might be made based upon Baggett v. City of Montgomery, 276 Ala. 166, 160 So.2d 6 (1963), that even in the absence of the conflict with the enabling statute, the Board would have to have the power to grant use variances to prevent the confiscation of property rights contrary to law. See id. at 170, 160 So.2d at 9.)
The appellee, Board of Adjustment, contends that the appellant is prohibited from challenging the September 30, 1980, zoning resolution because of Alabama case law which prohibits a property owner from seeking a change in classification of property under a zoning ordinance and at the same time, and in the same action, attacking the constitutionality of such zoning ordinance. See Byrd Companies v. Jefferson County, 445 So.2d 239 (Ala.1983). This rule was adopted based upon the following reasoning from Watts v. City of Wiggins, 376 So.2d 1072, 1074 (Miss.1979):
"A petitioner may not seek a change in a classification of property under a zoning ordinance and at the same time attack the validity of the ordinance. The reason for the principle is evident. The right to seek a change in the classification of property under a zoning ordinance rests on the basis that the ordinance is in effect, and to hold the ordinance invalid, would destroy the basis for the relief sought. In seeking relief from the Mayor and Board of Aldermen, petitioners could not consistently attack the validity of the ordinance which was the sole basis for the relief they sought."
(Emphasis added). This reasoning is not applicable to the facts of the instant case because the plaintiff must establish that the September 30 resolution is invalid in order to establish a basis for the relief soughta use variance. See Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961). We likewise find without merit the appellee's argument, through able counsel, that appellant cannot challenge the resolution because the Jefferson County Commission was not made a party to the proceeding, a contention for which no authority was cited. Id.
As earlier stated, this action comes to us after the trial court entered a summary judgment on the defendant's motion which relied upon the September 30, 1980, Jefferson County Commission resolution as authority for denying the variance sought. As this resolution is invalid, the defendant, Board of Zoning Adjustment, was not entitled to a judgment as a matter of law on this ground. See Alabama Rules of Civil Procedure 56(c). Accordingly, the judgment below is due to be reversed.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THE ABOVE.
All the Judges concur.

*901 ON REHEARING
PER CURIAM.
The Board of Zoning Adjustment of Jefferson County, in its brief in support of an application for rehearing, in part contends that the original appeal was due to be dismissed.
This contention is based on the premise that the Attorney General was not served with a copy of the proceedings that challenged the constitutionality of the Board's action. See § 6-6-227, Ala.Code (1975). This argument is being made for the first time on rehearing. It comes too late.
"[S]uch failure, defect, or insufficiency must be brought to this Court's attention prior to its submission by written motion; and, failure to timely file this motion, giving appellant reasonable opportunity to correct such defect, constitutes a waiver of consideration by this Court. Supreme Court Rule 52." Lawrence v. Gayle, 294 Ala. 91, 94, 312 So.2d 385, 387 (1975). Furthermore, it appears that the action by the Board was held "invalid" and was not challenged on the grounds of "constitutionality" nor decided on that basis as contemplated by section 6-6-227, Ala.Code (1975).
The Board on rehearing also contends that the Jefferson County Commission was a necessary party to the original proceeding. Again, this issue was not properly presented in the first submission. Even if the contention is meritorious, which is doubtful, it comes too late.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
NOTES
[1] For the purposes of this case the language of the enabling act that applies to Jefferson County is identical to that found in § 11-52-80, Ala. Code (1975), and the cases dealing with § 11-52-80 can be relied upon as controlling.
[2] The general principles hereinafter stated are discussed for the purposes of the instant enabling legislation and, of course, do not take into account minor variations found in other zoning statutes not here at issue.