BRYAN, Judge.
 

 In 2003, Friendship Mission Church (“the Church”) petitioned the Board of Adjustment of the City of Montgomery (“the Board”) for a special exception to the zoning ordinance of the City of Montgomery (“the City”). The Church’s application requested a special exception to build a “church/homeless shelter” on property (“the property”) belonging to the Church in an M-l (industrial) zoning district. At a meeting on January 16, 2003, the Board granted the special exception. The minutes of that meeting simply indicate that the Church requested a “special exception church/shelter” and that the Board granted that request. Thereafter, the Church constructed a building for use as a church and homeless shelter on the property. The record on appeal suggests that the Church had planned to build a 15,000-square-foot building on the property. However, the Church actually constructed a 5,137-square-foot building on the property.
 

 In 2008, the Church petitioned the Board for approval of a “Revised Master Plan for [an] additional building” on the property, and the Board approved the Church’s request. The Church intended to build the additional building for use as a shelter on the property, a use for which the Church was granted a special exception in 2003. A “development plan application” indicated that the Church plans to construct an additional 7,863-square-foot building on the property.
 

 The Greater Washington Park Neighborhood Association (“the Association”), a group of homeowners living near the property, appealed the Board’s 2008 decision to the Montgomery Circuit Court, pursuant to § 11-52-81, Ala.Code 1975.
 
 [1]
 
 The
 
 *445
 
 Church subsequently intervened in the appeal. The Church filed a motion to dismiss the appeal, asserting various grounds. The trial court held a hearing on the Church’s motion, at which counsel for the parties presented oral arguments. Following the hearing, the trial court entered a judgment in favor of the Board and the Church. The judgment stated, in pertinent part:
 

 “The decision by the Board to allow an exception to build the shelter was passed in 2003. Only a part of the shelter originally approved was erected at that time. Now the Church seeks to finish the shelter in accordance with the original exception. The City told the Church it must return to the Board for permission to finish the shelter.
 

 “The Court disagrees. Having already approved the project once, the Board has no need to approve it again. The Court is unaware of, and has not been provided, any law that suggests that the Board’s decision in 2003 expires after the passage of time or must be renewed periodically. Accordingly, the Church need only obtain a building permit to commence construction.
 

 “... In this instance, the Court believes that the decision of the Board was redundant because the decision to allow the shelter in 2003 was not appealed, and[, therefore, that decision] became legal. Further, even if the recent decision were renewable, the Court does not find it to be arbitrary.”
 

 The Association timely appealed to this court.
 

 On appeal, the Association argues that the trial court erred in concluding that the Board’s 2008 decision was superfluous and by not fully addressing the merits of that decision. The Association notes that the issue the Church presented to the Board in 2008 was distinct from the issue the Church presented to the Board in 2003. In 2003, the Board granted a “special exception for a church/homeless shelter” on the property. In 2008, the Board approved a “Revised Master Plan for [an] additional building” on the property. Therefore, the Association contends, because the issues before the Board in 2003 and 2008 were distinct, the trial court erred in concluding that “[the Board, having already approved the project once [in 2003, had] no need to approve it again [in 2008].” Certainly, there are distinctions between the issues presented to the Board in 2003 and the issues presented to the Board in 2008. However, the Association does not address whether,
 
 in light of the Board’s scope of authority,
 
 there is a need for the Board to approve the plans for an additional building on the property or whether the Board even had the authority to address those plans at all. The Association seems to assume that the issue presented by the Church to the Board in 2008 was properly before the Board; of course, the trial court concluded otherwise. A discussion of the powers of the Board illustrates that the Association seems to misunderstand the Board’s function.
 

 “[T]he board of zoning adjustment sits as an administrative body performing a quasi-judicial function.
 
 [Nelson v. Donaldson, 255
 
 Ala. 76, 50 So.2d 244 (1951) ].
 
 Accord, Ball v. Jones,
 
 272 Ala. 305, 132 So.2d 120 (1961). And, since the board of adjustment derives its powers directly from the state legislature, such powers cannot be circumscribed, altered, or extended by the municipal governing body.
 
 Nelson v. Donaldson,
 
 
 *446
 
 255 Ala. 76, 50 So.2d 244 (1951).
 
 Accord, Water Works Board v. Stephens,
 
 262 Ala. 203, 78 So.2d 267 (195[5]).”
 

 Swann v. Board of Zoning Adjustment of Jefferson County,
 
 459 So.2d 896, 899 (Ala.Civ.App.1984).
 

 The Board is limited to the authority established in § 11 — 52—80(d), Ala.Code 1975:
 

 “(d) The board of adjustment shall have the following powers:
 

 “(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
 

 “(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
 

 “(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.”
 

 (Emphasis added.)
 

 Regarding special exceptions, our supreme court has stated:
 

 “A special exception is a conditionally permitted use, that is, it is an enumerated use specified in the zoning ordinances that requires the approval of an administrative board or agency. A special exception ‘allows a property owner to put his property to a use which the regulations expressly permit under conditions specified in the zoning regulations themselves.’ 101A C.J.S.
 
 Zoning & Land Planning
 
 § 229, p. 656 (1979). This contrasts with a ‘variance,’ which requires a showing of unnecessary hardship and results from a request that the zoning authorities grant relief from the literal requirements of the zoning ordinances.
 
 Ex parte Chapman,
 
 485 So.2d 1161 (Ala.1986).”
 

 Ex parte Fairhope Bd. of Adjustment & Appeals,
 
 567 So.2d 1353, 1355 (Ala.1990).
 

 The language found in § ll-52-80(d)(2) concerning special exceptions is the same as the language contained in Section 7 of the Standard State Zoning Enabling Act. Julian Conrad Juergensmeyer & Thomas E. Roberts,
 
 Land Use Planning and Development Regulation Law
 
 200-01 (2003). “Under the Standard Act, before the board [of adjustment] can exercise [its] power, the [municipal] legislative body must list the uses to be treated as special. The board may issue a permit for only those uses listed and only if the conditions set forth in the ordinance are met.”
 
 Id.
 
 at 201 (footnote omitted).
 

 “The special [exception] process is designed to deal with uses that by their nature are difficult to fit within any use zone where they can operate by right. These uses may be especially sensitive and need special protection or they may pose unusual harm to neighboring land. An administrative process [before the board of adjustment] deals with these uses on a case by case basis to take these concerns into account. The term ‘special’ relates to the type of use rather than the uniqueness of the property as with a variance.”
 

 Id.
 
 at 200 (footnote omitted).
 

 “It is said that a board of adjustment has the power, even without express authorization, to attach conditions, as long as they are not unreasonable, arbitrary or oppressive, to a grant of a special exception.
 
 See, e.g.,
 
 3 R. Anderson,
 
 *447
 

 American Law of Zoning 2d
 
 § 19.29 (1977); 101A C.J.S. § 288; Annot., 168 A.L.R. 18, 60 (1947). However, we have found no authorities which would allow a board of adjustment the discretion, without express authorization, to ignore the terms of the zoning regulations under which it operates. Indeed, the authorities are to the contrary.
 
 See generally
 
 101A C.J.S. § 229; 82 Am.Jur.2d § 255.”
 

 Lindquist v. Board of Adjustment of Jefferson County,
 
 490 So.2d 16, 18 (Ala.Civ.App.1986).
 

 In this case, in 2003, the Board, acting pursuant to § 11 — 52—80(d)(2), granted the Church a special exception to use the property for the purpose of a “church/shelter.” That is, the Board concluded that a special exception was due to be granted for that particular use of the property, consistent with the special-exception provisions of the City’s zoning ordinance. In 2008, the Church, apparently at the instruction of an official of the City, sought the Board’s approval of plans for an additional building to be used as a shelter on the property. That is, the Church sought the Board’s approval in 2008 for the same use that the Board had previously approved in 2003. Significantly, the record does not contain the provisions in the City’s ordinance concerning the requirements for the Board’s granting of exceptions in particular zoning districts.
 
 [2]
 
 Therefore, it is unknown whether the ordinance contains a provision that might require the Church to obtain a “second” special exception given the facts of this case. The record does not indicate that the Board placed conditions on the 2003 special exception that were implicated in the 2008 proceedings before the Board. Therefore, for all that appears in the record, insofar as the Church may have sought a “second” special exception in 2008, it appears that such action was unnecessary, as the trial court concluded. “The burden is on the appellant to present a record containing sufficient evidence to warrant a reversal.”
 
 Seidler v. Phillips,
 
 496 So.2d 714, 716 (Ala.1986). “This court cannot assume error, nor can it presume the existence of facts as to which the record is silent.”
 
 Newman v. State,
 
 623 So.2d 1171, 1172 (Ala.Civ.App.1993).
 

 Further, there is no indication that the Board had the authority to initially approve or disapprove the plans for an additional building on the property after having already granted the special exception. It is unclear under what authority the Board purported to approve the proposed building plans in this case. The Board, pursuant to § ll-52-80(d)(2), had previously granted a special exception to the Church to use the property for the purpose of a shelter. The Association does not argue that the Church was required to obtain a variance from the Board, pursuant to § 11 — 52—80(d)(3). Although the Association at times refers to the Church’s 2008 petition to the Board as an “appeal,” apparently in reference to the Board’s authority to hear appeals from the decisions of “an administrative official” under § 11-52-80(d)(l), the record does not indicate that this case involves an appeal to the Board under that provision. Instead, the record suggests that an official of the City unnecessarily instructed the Church to obtain the Board’s approval of the plans for the new building. The Association has not established that such approval from the
 
 *448
 
 Board, which has limited statutory powers, see § ll~52-80(d) and
 
 Swann, supra,
 
 was necessary. The City’s zoning ordinance provides that, in order for a new building to be constructed, the City’s “administrative official” must issue a building permit “including a statement that the plans, specifications and intended use of such structure, in all respects, conform with the provisions of this ordinance.” Therefore, it is the administrative official, not the Board, who initially considers the plans for new construction.
 

 Accordingly, the Association has failed to establish that the trial court erred in concluding that the Church was not required to obtain the Board’s approval of the building plans.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Section 11-52-81, Ala.Code 1975, provides, in pertinent part:
 

 “Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter
 
 *445
 
 appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken.... [T]he action in such court shall be tried de novo.”
 

 [2]
 

 . The record does contain other portions of the zoning ordinance relating to building permits. Although a complete copy of the City's zoning ordinance is not included in the record, at the conclusion of the hearing before the trial court, counsel for the Church gave the trial judge a copy of the ordinance.