PER CURIAM.
The petitioner, Board of Zoning Adjustment of Hueytown, Alabama, hereinafter referred to as the “Board,” petitions this court for a writ of certiorari or in the alternative for a writ of mandamus to be issued to. Judge Walter Bridges of the Tenth Judicial Circuit, Bessemer Division, directing him to correct his pre-trial order so that it will reflect the issue before the Board of Zoning Adjustment of the City of Hueytown to be an application by the Alabama Power Company for “permission to remodel and enlarge the substation located on Lots 3, 4, 5 and 6 in Block 101,” rather than a request for a use variance.
On January 13, 1976 the Alabama Power Company applied to the Board of Zoning Adjustment of Hueytown for a “Variance to terms of Zoning Ordinance” to allow it to construct a “Distribution Substation” on “Lots 3, 4, 5 & 6 in Block 101, Bessemer North Highlands Subdivision.”
Petitioner says that this variance is requested under the authority vested in the Board by Sec. 781, Title 37, Code of Ala. and says further that the variance hereby requested from the terms of the Zoning Ordinance will not be contrary to the public interest because, owing to special conditions, a literal enforcement of the provisions of the Ordinance will result in unnecessary hardship and if granted the spirit of the Zoning Ordinance shall be observed and substantial justice done.
At its first hearing after the application was filed, /. e. March 4, 1976, the Board said, in pertinent part:
The last case to come before the Board was that of the Alabama Power Co. requesting a variance to enlarge their substation located at lots 3, 4, 5 & 6 in Block 101 Bessemer North Highlands .

Mr. E. K. Wilson, Divisional Manager for Alabama Power addressed the Board and stated just what the exact plans for the enlargement of this substation were. .
Mr. Robert Warren . . . addressed the Board and Stated that he was in opposition to this substation being enlarged
At the Board’s second meeting, i. e. March 25, 1976, it said, in part:
The Board of Zoning Adjustment of the City of Hueytown met in special session at the site of the proposed .addition to the Alabama Power Co. substation [located at] Lots 3, 4, 5, 6 in Block 101 Bessemer North Highlands .
At the Board’s third meeting, /. e. April 1, 1976, it said, in pertinent part:
Mr. Densmore reviewed the agenda and called the Board’s attention to the only case on the agenda, that of Alabama Power Co. requesting a variance to enlarge the substation located on Brooklane Dr., Lots 3, 4, 5 & 6 Block 101, Bessemer North Highlands . .
. Mr. E. K. Wilson, Divisional Manager of Operations for Alabama Power Co. . stated that due to growth in the area, it was necessary that this substation be enlarged to meet the demand.

*181 Mr. Raymond Walker . . . stated his opposition to this substation being enlarged .

. Mr. Densmore stated that the requested variance was not granted due to lack of a motion.
At the Board’s May 6,1976 meeting, it said, in pertinent part:
Mr. Roberts reviewed the agenda and called the Board’s attention to the only case on the agenda, that of Alabama Power Company. .
. Mr. Roberts asked the Secretary to read portions from the Zoning Ordinance. These portions being: Section 2:72 Public Utility, Section 2:89 Use, Non-Conforming, Section 2:90 Variance, Section 3:05 Boundaries of Zones, Section 3:28-8 Electromagnetic Interference, Section 4:01-2 Uses Permitted on Appeal.

BE IT RESOLVED BY THE CITY BOARD OF ZONING ADJUSTMENT, HUEYTOWN, ALABAMA, AS FOLLOWS:
1. That the application of Alabama Power Company requesting permission to remodel and enlarge the sub-station located on lots 3, 4, 5 & 6 in Block 101, Bessemer North Highlands Subdivision be and the same hereby is granted by the Board of Zoning Adjustment.
Subsequent to the Board’s decision, the landowners who opposed the Power Company’s application appealed to the Circuit Court of Jefferson County, Bessemer Division, seeking a jury trial. The appeal was heard and the jury found for the landowners. There was an appeal to this court.
The contention of the Power Company on appeal was that it was seeking a building permit to enlarge and remodel its existing distribution substation in Bessemer North Highlands, whereas the contention of the landowners was that the Power Company was seeking a use variance to permit it to undertake certain construction at its North Highlands substation. We concluded, as did the parties, that the trial court had treated the Power Company’s application to the Board as a request for a use variance rather than a request for a building permit, and, therefore, the trial court did not err in refusing to admit into evidence the transcript of the proceedings before the Board relating to the Power Company’s request for permission to undertake construction at its North Highlands substation.
The supreme court, on certiorari, reversed the decision of this court, holding that the trial court had committed reversible error in refusing to admit into evidence the transcript of the proceedings before the Board relating to the Power Company’s application.
In its opinion the supreme court said:
It appears, and the Court of Civil Appeals found, that in the circuit court the parties and the court proceeded under the theory that Alabama Power was seeking a variance to the zoning restrictions and not making application for a building permit. The distinction is in the test to be applied in the determining whether either a variance or permit is granted. Under the applicable zoning ordinances, it is incumbent upon the party seeking a variance to show that its denial would cause “undue hardship,” while in applying for a building permit, the applicant need only show that the building is “reasonably necessary for the public convenience or welfare.” The burden upon the applicant is undeniably higher when seeking a variance.

The Court of Civil Appeals is correct in holding that the trial de novo should proceed on the same issues raised in the proceeding before the Board of Zoning Adjustment, and it is correct in holding that “. . . one of the reasons for the requirement that a transcript of the proceedings before said board be certified to the court is fo inform the court of the issues involved.”
The critical question, therefore, is: “what issues were actually presented to the Board of Zoning Adjustment?” .
*182 The nature of the proceeding before the board is critical because under the old Title 37, Section 783, Code of Ala.1940, (Recomp.1958) [§ 11-52-81 Code of Ala. 1975], an appeal to the circuit court contemplated a trial de novo, where the judge or jury, if one is demanded, sat as a Zoning Board and “. . . the scope of inquiry is the same as that before the board of zoning adjustment from which the adverse decision was appealed.” .

It is undisputed that what the Power Company wanted to do was to enlarge and remodel its. substation and that the Board of Zoning Adjustment granted it permission to do so. It is also undisputed that a substation was a permitted use in a R-2 zone.

We do not make a finding relative to what issue was actually presented in the proceedings before the Board of Zoning Adjustment, but we would point out that it would appear to be unnecessary to require a zoning variance if a use did not violate a permitted use.
The Board of Zoning Adjustment strongly insists that the proceeding before it was for a special use, not a variance. .
We do not hold that the issue before the Board of Zoning Adjustment was as contended by it. We do hold that a circuit court is without power to change the issue on appeal de novo.

Under Rule 16, ARCP, the parties should be able to stipulate what issues were presented to the Board. If they cannot resolve that question, then the trial court should make a finding, based on the certified copy of the proceedings before the Board, what the real issue was. [Emphasis and brackets theirs.]
On remand the trial court entered a pretrial order stating:
2. It is ruled by the court from the minutes of the Board of Zoning Adjustment of the City of Hueytown, Alabama, on March 4,1976, March 25, 1976, April 1, 1976, and May 6, 1976, and that the issue which was before the Board at that time, which is the issue in this case now is as follows:
Should the Alabama Power Company be granted a variance to enlarge their substation located at Lots 3, 4, 5 and 6 in Block 101, Bessemer North Highlands, Section 32, Township 18 South Range 4 West?
On June 6, 1979 the Board filed a petition for writ of certiorari or in the alternative for a writ of mandamus requesting that Judge Bridges be required to show cause why he should not frame the issue in the pre-trial order as stated in the resolution of the Board of Zoning Adjustment of Huey-town.
On June 15, 1979 Judge Bridges filed an answer to the petition and order to show cause. In his answer he stated that he acted under instructions from the Alabama Supreme Court. Judge Bridges further stated that:
[A]fter a hearing at which the parties could not agree, the court then took the copy of the proceedings before the board, including a copy of the Alabama Power Company’s application, the minutes of the meetings of the Zoning Board of Adjustment of Hueytown'and those sections of the Zoning Ordinance as set forth as having been read at the meeting of May 6, 1976, and the court then made its determination after considering the whole record in compliance with the order of the Alabama Supreme Court.
The issue before this court is whether Judge Bridges erred in his effort to comply with the supreme court’s mandate.
Although the supreme court said that the trial court should find the true issue if the parties were unable to agree thereupon, it also said that:
It is undisputed that what the Power Company wanted to do was to enlarge and remodel its substation and that the Board of Zoning Adjustment granted it *183 permission to do so. It is also undisputed that a substation was a permitted use in a R-2 zone. [Emphasis theirs.]
The supreme court further said that “it would appear to be unnecessary to require a zoning variance if a use did not violate a permitted use” (emphasis theirs). All of this leads us'to conclude that the supreme court has determined that the Power Company was requesting permission to enlarge and remodel its existing electrical substation in Bessemer North Highlands.
Likewise, this court, with the supreme court’s opinion in mind and after a careful examination of the transcript of proceedings before the Board and the Power Company’s application, is of the opinion that the Power Company was seeking a permit to enlarge and remodel its existing substation and was not asking for a variance, notwithstanding the appearance of that word in the transcript of the proceed-, ings.
When one looks at the proceedings before the Board, it becomes readily apparent that the Board understood and considered the Power Company’s request to be for work on an existing facility. For example, the Board’s minutes reflect that the Power Company had requested a “variance to enlarge their substation located at lots 3, 4, 5 & 6 in Block 101 Bessemer North Highlands;” that the Board met at the site of the “proposed addition to the Alabama Power Company substation;” that the agenda of the Board called for a consideration of the Power Company’s request for “a variance to enlarge the substation” to meet electricity demands in the area; and that the Board resolved that the Power Company’s application “requesting permission to remodel and enlarge the sub-station located on lots 3, 4, 5 & 6 in Block 101” was approved.
The Board’s grant of authority to the Power Company for the enlargement of its existing substation shows that the Board considered the Power Company’s application to be for a permitted use rather than a variance.
This court is convinced — apparently so was the supreme court — that the issue before the Board was the grant of a permitted use father than a variance, and, again as stated by the supreme court, “a circuit court is without power to change the issue on appeal de novo” (emphasis theirs).
Thus, in view of the opinion of the supreme court, we conclude that the true issue before the trial court for resolution is whether the Power Company should be granted “permission to remodel and enlarge the substation located on Lots 3, 4, 5 & 6 in Block 101 Bessemer North Highlands.” Accordingly, Judge Walter Bridges of the Tenth Judicial Circuit, Bessemer Division, is hereby directed to correct his pre-trial order so that the issue before the court will be whether to permit the Alabama Power Company to enlarge and remodel its substation located on lots 3, 4, 5 and 6 in Block 101, Bessemer North Highlands subdivision.
WRIT GRANTED.
WRIGHT, P. J., and . BRADLEY and HOLMES, JJ., concur.