This is a zoning case.
The case involves the following pertinent facts:
The owner of the property in question requested a variance in 1966 to construct a U-Totem convenience store in Huntsville in a 2-B zone. Such a zone permits apartments, duplexes, single family dwellings and offices. The proposed hours of operation represented in the request to the Huntsville Board of Adjustment were from 7:00 A.M. to 11:00 P.M., seven days a week. The request was heard and granted on February 27, 1967. Following construction, the building and property were sold to U-Totem of Alabama, Inc. The store was kept open from 7:00 A.M. to 11:00 P.M. each day until the summer of 1977 when the hours were increased to twenty-four hours per day. In the spring of 1980, the building inspector for the City of Huntsville informed the store management that the store should be closing nightly at 11:00 P.M.
U-Totem appealed this decision to the Huntsville Board of Adjustment, and requested a variance for twenty-four-hour operation. The request was denied after a hearing June 15, 1980. All minute entries of the Board, correspondence, notices and other written materials concerning the request refer to the request as one for a "variance for the hours of operation." Notice of appeal to the circuit court for trial de novo drafted by U-Totem's attorneys likewise referred to the request as a variance.
The circuit court after trial de novo denied U-Totem's request, finding that the proposed hours of operation presented to the Board in 1967 were part of the basis upon which the original variance was granted. The court held that the 1967 variance therefore contained an hours-of-operation limitation. That court also held that it was not "reasonably satisfied" from the evidence that denial of the variance would create hardship on the part of U-Totem, and that twenty-four-hour operation of stores in the area would be destructive of the basic residential character of the neighborhood.
Appellant contends that (1) the evidence at trial was insufficient to support the findings *Page 789 
and conclusions of the trial court's judgment; (2) the variance granted in 1967 contained no limitation of hours of operation; and (3) the standard of unnecessary hardship applied by the trial court was erroneous since no new or different use was sought, but only an increase in hours of operation for a permitted use.
The scope of review in a case heard ore tenus is extremely narrow. The ore tenus rule applies in appeals such as this one.White v. Board of Adjustment of Birmingham, 245 Ala. 48,15 So.2d 585 (1943). Every presumption will be indulged in favor of the trial court's judgment, and its decision will not be disturbed unless palpably wrong. Town of Helena v. CountryMobile Homes, Inc., 387 So.2d 162 (Ala. 1980); COME v. Chancy,289 Ala. 555, 269 So.2d 88 (1972). We find no palpable error here.
The record clearly reflects that the hours of operation were represented to be 7:00 A.M. to 11:00 P.M. at the time the original variance was granted. Minute entries from the June 15, 1980, Board of Adjustment meeting show that U-Totem's presentation to the Board admitted that the 1967 variance was based on hours of 7:00 to 11:00. The trial court's determination that the 1967 variance was limited as to hours of operation is supported by the evidence and is not error.
Appellant's contention that the trial court applied the wrong standard of proof is not well taken. Appellant erroneously cites Ex parte Board of Zoning Adjustment of Hueytown,383 So.2d 179 (Ala.Civ.App. 1979), cert. denied, 383 So.2d 183
(Ala. 1980) for the proposition that the request here was not for a variance, but for the extension of a permitted use. In the Hueytown case, the facts were substantially different than those involved here. The electrical substation in that case was a permitted use in the zone in which it was located. No variance was needed to build it. In the present case, the U-Totem store is not a permitted use under the 2-B zoning classification, but it was permitted by means of a specific variance. We are of the opinion that to extend a use granted by variance, one must request and be granted further variance. The trial court correctly applied the standard for variances — that of unnecessary hardship. Nelson v. Donaldson, 255 Ala. 76,50 So.2d 244 (1951).
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.