This is a zoning case.
The Board of Adjustment of the City of Enterprise, Alabama, rejected the property owners' request for a zoning variance; appeal was taken to the Circuit Court of Coffee County. After a trial de novo, the trial court denied the request for the zoning variance.
From this decision, the property owners appeal, contending that the trial court's denial of the request for a variance constituted palpable error. We disagree and affirm.
Viewing the record with the attendant presumptions of correctness, the following is revealed.
The property owners, Willie and Ida Martin, wanted to construct a carport on their property. The carport would be attached to the east side of the Martins' home and would extend to the property line on that side of the lot.
There was evidence that the Martins discussed the plans with the adjacent landowners and acquired their approval for the construction.
The Martins then sought to obtain a building permit from the city of Enterprise. There was evidence that Mr. Martin was told by city officials that a clearance of seven feet would be required between his constructed carport and his property line in order to comply with the zoning laws. Mr. Martin denied that he was told anything about a set-back requirement.
There was also testimony that Mr. Martin told the city officials that he would have a clearance of eleven to twelve feet between the carport and the property line. Mr. Martin stated that he was misunderstood.
A building permit was granted to the Martins and construction was begun. Later, after partial construction but prior to completion of the carport, a complaint was filed, alleging that the construction was in violation of the zoning ordinances, and the Martins were ordered to stop construction.
After a variance request was rejected by the board of adjustment, a trial de novo *Page 125 
was held, in which the trial court denied the variance request.
As stated, the Martins dispositively contend that the denial of the variance request by the trial court constituted palpable error because of the "unnecessary hardship" that such denial has caused.
We note that the city of Enterprise has a zoning ordinance that clearly requires a seven foot "clearance"; it is not contended otherwise.
Under § 11-52-80 (d)(3), Ala. Code (1975), the board of adjustment has the power
 "(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."
We state at the outset that the board of adjustment clearly has the power to grant a variance; however, there is no authority that a variance can be granted in a private agreement between landowners. Therefore, the permission of the adjacent landowners, in this instance, has no effect on the local zoning laws.
The zoning laws are an exercise of a city's police power and are implemented for the protection of the public welfare. Wallsv. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950).
We have stated that, when a variance is at issue, the primary consideration is whether a literal enforcement of a zoning ordinance will result in unnecessary hardship. Pipes v. Adams,381 So.2d 86 (Ala.Civ.App. 1980).
However, in Priest v. Griffin, 284 Ala. 97, 101,222 So.2d 353, 357 (1969), quoting from Nelson v. Donaldson, 255 Ala. 76,84, 50 So.2d 244, 251 (1951), the supreme court stated "[v]ariances from the terms of the zoning ordinance should be permitted only under peculiar and exceptional circumstances. Hardship alone is not sufficient."
We note here that there was evidence that the Martins were told before construction was started that there was a required set-back clearance of seven feet. Under these facts, any hardship caused could be considered self-inflicted.
When a hardship is self-inflicted or self-created, there is no basis for a claim that a variance should be granted.Thompson, Weinman Company v. Board of Adjustment, 275 Ala. 278, 154 So.2d 36 (1963).
In this instance, the evidence was presented ore tenus, and the findings of the court are presumed correct and will not be set aside except for plain and palpable abuse of discretion.Sanders v. Board of Adjustment, 445 So.2d 909 (Ala.Civ.App. 1983).
Here, there was evidence that the zoning ordinance required a set-back clearance of seven feet, that the Martins were made aware of the ordinance, and that the constructed portion of the carport was in violation of the ordinance.
Under these facts, we cannot say that the zoning ordinance worked an unnecessary hardship on the Martins, and, therefore, we find no palpable error by the trial court in denying the requested variance.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.