This case involves an appeal by Mary Chapman from the circuit court's judgment allowing Henry Hallet a "variance" from a local zoning ordinance. The Court of Civil Appeals affirmed the judgment, and we *Page 1162 
granted certiorari. We now reverse and remand.
The relevant facts of this case show that in October of 1983, Henry Hallet began construction of a utility building at his residence. The building was of wood and was prefabricated. Its size was ten feet by twelve feet with a peak height of approximately ten feet. The building was to rest on boards, and was not to be set in concrete. Mary Chapman, who was Hallet's next-door neighbor, complained to the Inspection Service Department of the City of Mobile. The basis of her complaint was that the utility building obstructed her view of her own backyard and its greenery, "crowded" her backyard area, and thwarted her use and enjoyment of her own property.
After her complaint to the city authorities, it was found that Hallet did not have the required building permit, and, furthermore, could not obtain a permit because the utility building was being built much closer than eight feet from the line separating his property from that of Mrs. Chapman. This was in violation of a city zoning ordinance imposed on the Mobile historical district requiring a building set-back of eight feet from property lines.
Consequently, Hallet applied for a variance from the Board of Adjustment of the City of Mobile. After a hearing, the variance was granted on January 9, 1984. The utility building had been substantially completed before the variance was granted, and it was fully completed soon thereafter. However, Mrs. Chapman appealed to the circuit court for a de novo hearing pursuant to Code 1975, § 11-52-81. The circuit court also granted a variance to Mr. Hallet, based upon the finding of an "unnecessary hardship," and the Court of Civil Appeals affirmed this finding, 485 So.2d 1158.
The board of adjustment derives its power to grant variances from Code 1975, § 11-52-80 (d)(3), which vests the Board with the following power:
 "To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."
Variances were allowed by the legislature "to permit amelioration of the strict letter of the law in individual cases." McQuillin, Municipal Corporations § 25.160 (3d ed. 1983). However, variances should be sparingly granted, and only under "peculiar and exceptional circumstances" of unnecessary hardship. Priest v. Griffin, 284 Ala. 97, 101, 222 So.2d 353,357 (1969); Martin v. Board of Adjustment, 464 So.2d 123, 125
(Ala.Civ.App. 1985). The pivotal question is whether, due to special conditions, a literal enforcement of a zoning ordinance will result in "unnecessary hardship." Priest v. Griffin, supra; Alabama Farm Bureau Mutual Cas. Ins. Co. v. Board ofAdjustment, 470 So.2d 1234, 1237 (Ala.Civ.App. 1985); Pipes v.Adams, 381 So.2d 86, 87 (Ala.Civ.App. 1980).
An "unnecessary hardship" sufficient to support a variance exists where a zoning ordinance, when applied to the property in the setting of its environment, is "so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property." McQuillin, supra, at § 25.167. This Court has approved the following definition of "unnecessary hardship":
 "`No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone.'"
City of Mobile v. Sorrell, 271 Ala. 468, 471, 124 So.2d 463,465 (1960), quoting Brackett v. Board of Appeal, 311 Mass. 52,39 N.E.2d 956 (1942). A mere hardship or *Page 1163 
inconvenience[1] is not enough to justify a variance. McQuillin, supra, at § 25.168; Martin, 464 So.2d at 125. Moreover, the reasons for granting a variance must be "substantial, serious, and compelling." McQuillin, supra, at § 25.167.
Also, a "self-inflicted or self-created hardship may not be the basis for a variance or for a claim thereof." Thompson,Weinman Co. v. Board of Adjustments, 275 Ala. 278, 281,154 So.2d 36, 39 (1963); Martin, supra. "When the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it." Josephson v. Autrey, 96 So.2d 784, 789 (Fla. 1957), cited with approval in Thompson, Weinman Co., supra.
The testimony of Mr. Hallet shows that he had lived on this property for over twenty years when he decided to build this utility building for extra storage space. He began construction of the building, and substantially completed the project, before obtaining a building permit, and did so in violation of the zoning ordinance. "Clearly, the hardship is self-created where it stems from an improvement made without a building permit and in violation of law." 82 Am.Jur.2d, Zoning andPlanning § 276 (1976). We conclude that by building this structure in contravention of the zoning ordinance, any hardship now imposed on Mr. Hallet was self-created.
The board relies on its interpretation of Board of ZoningAdjustment v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957), for the holding that an innocent self-created hardship may support a variance. In Boykin, the claimant applied for a building permit before he began a construction project, and was given permission to proceed by the proper authorities. In reliance thereon and in good faith, he began work and spent much money on the project. However, six years later, when the work was nearly complete, he was ordered to desist when the city determined that it had been error to allow the construction.
The Court in Boykin affirmed the grant of a variance for the claimant because an unnecessary hardship existed in that the construction had improved the appearance of the property and increased its value, and the building could not be used for any other purpose. Boykin, 265 Ala. at 510, 92 So.2d at 910. We believe that the case at hand is clearly distinguishable, because Mr. Hallet did not rely on a building permit when he began construction, his work did nothing to improve the appearance of the property, and the utility building could readily be moved to another location on the property that would comply with the law.
The board's argument that such innocent reliance was present in this case because of Mr. Hallet's finishing the constructionafter he was granted a variance is also misplaced. The board argues that Hallet relied on the variance to complete the project and did not know that an appeal to the circuit court was being filed, and that this innocent reliance supports a variance. However, the fact that Mr. Hallet went ahead and completed construction after the variance was granted should not have even been a factor in the circuit court's decision. On appeal to the circuit court from a decision of the board of adjustment, the circuit court sits as a "glorified board of adjustment," City of Homewood v. Caffee, 400 So.2d 375, 377
(Ala. 1981), and is limited to considering only that which the board itself could have considered. Board of Zoning Adjustmentv. Warren, 366 So.2d 1125, 1128 (Ala.), on remand,383 So.2d 179, 182 (Ala.Civ.App. 1979), cert. denied, 383 So.2d 183 (Ala. 1980); Alabama Power Co. v. Brewton Board of Zoning Adjustment,339 So.2d 1025 (Ala. 1976). Obviously, the board of adjustment could not have considered events that happened after its own hearing and final decision. Therefore, any reliance by Mr. Hallet on the board's decision *Page 1164 
should not have been a factor in the circuit court's decision.
Another factor which should not have been considered by the circuit court in reaching its decision was Mr. Hallet's age and health. An "unnecessary hardship" is related only to the parcel of land, without regard to ownership. This is better explained as follows:
 "The grant of a variance runs with the land and is not a personal license given to the landowner. Accordingly, the unnecessary hardship which will suffice for the granting of a variance must relate to the land rather than to the owner himself. Mere personal hardship does not constitute sufficient ground for the granting of a variance."
82 Am.Jur.2d, Zoning and Planning § 275.
Zoning statutes and ordinances which impose restrictions on private property should be strictly construed, Smith v. City ofMobile, 374 So.2d 305, 307 (Ala. 1979), and the "board of adjustment does not have the right to act arbitrarily or to amend or depart from the terms of the ordinance at its uncontrolled will and pleasure." Nelson v. Donaldson, 255 Ala. 76,84, 50 So.2d 244, 251 (1951).
Being mindful of the presumption of correctness indulged in favor of the trial court's decision, we nevertheless must overturn the decision as palpably wrong when, as in this case, that presumption is overcome by both the law and the evidence.Dickey v. McClammy, 452 So.2d 1315, 1320 (Ala. 1984). Therefore, the judgment of the Court of Civil Appeals affirming the trial court's ruling must be reversed, and this cause is remanded with instructions for the Court of Civil Appeals to remand it to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, SHORES, BEATTY and HOUSTON, JJ., concur.
Adams, J., not sitting.
[1] During the circuit court's hearing of this case, Mr. Hallet was asked if the utility building could be moved to a place in his yard which conforms to the ordinance. He replied, "It could be, but it's more convenient for me for it to be here. . . ." (Emphasis added.)