500 So.2d 1147 (1986)
BOARD OF ADJUSTMENT OF the CITY OF PRICHARD, Alabama, a municipal corporation
v.
Pat CREEL, Sr. and Annie Creel.
Civ. 5664.
Court of Civil Appeals of Alabama.
December 17, 1986.
*1148 Norman J. Gale, Jr. and Melissa A. Posey of Clay, Massey & Gale, Mobile, for appellant.
Pete J. Vallas, Mobile, for appellees.
PER CURIAM.
This is a zoning case.
Plaintiffs, Pat Creel, Sr. and Annie Creel, sought a use variance from the Board of Adjustment of the City of Prichard, Alabama, (Board) to allow them to operate a used car lot in an area zoned residential. The Board refused to grant the variance, and the Creels appealed to the Circuit Court of Mobile County. After a de novo hearing, the circuit court granted the use variance, and the Board appeals.
The dispositive issue on appeal is whether there is "unnecessary hardship" requiring a variance.
When considering an application for a variance, the Board (and the circuit court on appeal) must consider the public interest, the interest of the people in the given use district, and whether the zoning ordinance will result in an unnecessary hardship for the individual requesting the variance. Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). The Board (and the courts) should be very hesitant and reluctant to disturb by variance an existing zoning ordinance. Priest, 284 Ala. at 100, 222 So.2d at 355.
The evidence here reveals that the plaintiffs purchased the property in question for the sole purpose of operating a used car lot. However, the evidence also shows that, on the day they purchased the property, they were aware that the property was zoned residential and not commercial. They also were aware that the previous owners had applied for a variance from the Board just two months prior to the sale of the property and that the request was denied. The record further reveals that the plaintiffs expended money for the proposed used car lot before they applied for a variance from the Board.
Economic hardship by itself is not sufficient justification for the Board (or the court) to grant a variance of the zoning ordinance. Board of Zoning Adjustment v. Britt, 456 So.2d 1104 (Ala.Civ.App.1984). Additionally, we note that there can be no basis for claiming that a variance should be granted if the hardship is self-created or *1149 self-inflicted. Martin v. Board of Adjustment, 464 So.2d 123 (Ala.Civ.App.1985).
In the present case the only hardship shown was that of financial loss if the variance was not granted. The owners knew that the property was not zoned commercial, i.e., for a used car lot. They knew a previous request for a variance was denied, and yet they still made expenditures prior to applying for a variance. If there was a hardship, it would appear that it was self-created. Therefore, there was not a sufficient justification for the granting of the variance by the court.
We are aware that the trial court's judgment will not be disturbed on appeal unless it is plainly and palpably wrong. Pipes v. Adams, 381 So.2d 86 (Ala.Civ.App. 1980). However, we find no justification for its grant of a variance based on undue hardship. The trial court committed reversible error.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
BRADLEY, J., dissents.
BRADLEY, Judge, dissenting:
I respectfully dissent.
"Whether a variance should be granted depends on the facts of each case." Arant v. Board of Adjustment, 271 Ala. 600, 126 So.2d 100 (1960). Therefore, based on the peculiar facts of the case at bar, the trial court determined that an unnecessary hardship would accrue to the owners of the lot in question if a variance were not granted to them. I agree with this determination and would affirm the trial court's decision. See, Arant, supra.