This is a zoning case.
The Board of Adjustment (Board) of the City of Gadsden (City) denied the request of VFW Post 8600 (VFW) for a variance from the City's flood control ordinance. VFW appealed the denial to the Circuit Court of Etowah County, which entered a judgment granting the variance to VFW.
The Board appeals. We reverse and remand.
A variance from the terms of a zoning ordinance should be granted sparingly and only under peculiar and exceptional circumstances of unnecessary hardship. Ex parte Chapman,485 So.2d 1161 (Ala. 1986).
A variance may be granted "where, due to special conditions, a literal enforcement of the ordinance would result in unnecessary hardship, provided that the variance will not be contrary to public interest and the spirit of the [zoning] ordinance will be observed and substantial justice done."Lawless v. Smith, 481 So.2d 1144, 1146 (Ala.Civ.App. 1985).See Ala. Code (1975), § 11-52-80(d)(3).
The primary consideration in a variance case is whether, due to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary hardship. Ex parteChapman, 485 So.2d 1161; Martin v. Board of Adjustment,464 So.2d 123 (Ala.Civ.App. 1985); Alabama Farm Bureau MutualCasualty Insurance Co. v. Board of Adjustment, 470 So.2d 1234
(Ala.Civ.App. 1985); Sanders v. Board of Adjustment,445 So.2d 909 (Ala.Civ.App. 1983).
The record reveals that VFW owns property in the City, upon which it maintains a building built in 1955 and a metal addition which was added in 1972. VFW desires to replace the 1955 building, which has some settling and plumbing problems.
VFW's property, however, is located in the City's hundred-year flood plain. The City's flood control ordinance and regulations generally require that the floor level of a building proposed to be built in the flood plain be constructed at or above the hundred-year flood level or that such building be properly floodproofed.
According to the allegations of VFW, if its new building is required to meet the standards of the flood control ordinance, the floor of the new building will be forty-four and one-half inches above the floor of the existing 1972 building, to which the new building is to be connected. The difference in floor elevations of the two buildings will require a ramp connecting them. A ramp will also apparently be necessary for entrance into the new building.
VFW has many members who are over sixty years of age and many who are disabled and are either confined to wheel chairs or require assistance with walking. VFW contends that compliance with the City's flood control ordinance will "impose undue hardship on our disabled veterans and elderly members" who will have to negotiate the ramps to enter the new building.
This court can certainly appreciate the extreme inconvenience, even hardship, that will be placed upon the disabled and elderly members of VFW if they must contend with ramps in order to use their new facility. Nevertheless, such hardship is not a *Page 218 
sufficient basis upon which a variance can be granted.
The unnecessary hardship which can justify the granting of a variance must relate to, or run with, the land itself, without regard to ownership.
 " 'The grant of a variance runs with the land and is not a personal license given to the landowner. Accordingly, the unnecessary hardship which will suffice for the granting of a variance must relate to the land rather than to the owner himself. Mere personal hardship does not constitute sufficient ground for the granting of a variance.' "
Ex parte Chapman, 485 So.2d at 1164 (quoting 82 Am.Jur.2dZoning and Planning § 275 (1976)).
Thus, the age and health of VFW members are not factors which support the granting of a variance to VFW. Any hardship which compliance with the flood control ordinance would entail appears to this court to be personal to VFW members and thus not a sufficient basis for the granting of a variance.
VFW has requested an attorney's fee for representation on appeal. That request is denied.
This case is reversed and remanded to the circuit court for proceedings not inconsistent herewith.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.