ON REHEARING
INGRAM, Presiding Judge.
On rehearing, the opinion of this court of January 31, 1990, is withdrawn, and the following is substituted therefor.
The Board of Adjustment of the City of Mobile, Alabama (Board), rejected the request of Vernon’s Tri-State Pawn, Inc. (Vernon’s), for a zoning variance; appeal was taken to the Circuit Court of Mobile County for a jury trial. The jury denied the request for the zoning variance. Vernon’s appeals.
The pertinent facts are as follows: Vernon’s purchased an abandoned convenience store for the purpose of converting it in order to operate a pawn shop. After purchase of the property, Vernon’s obtained a building permit from the City of Mobile. Relying on the permit, Vernon’s renovated the building for its intended use. Upon completion of the renovation, Vernon’s went to the city to obtain a business license. The city informed Vernon’s that the property was zoned as a B-2 district, in which pawn shops are not a permitted use. The city then refused to issue Vernon’s a business license. Vernon’s quest for rezoning began shortly thereafter.
The sole issue on appeal is whether the trial court erred in refusing to give the following requested jury charge:
“I charge you, members of the jury, that Defendant Board contends that any unnecessary hardship which the Plaintiff Vernon’s might suffer from if the variance is denied is self-inflicted. The Court charges you that you may not grant a variance for any hardship if at the time Vernon’s converted the property for use as a pawn shop that Vernon’s knew that the property was not zoned for use as a pawn shop. Stated differently, if you are reasonably satisfied from the evidence that Vernon’s knew at the time it converted the property from a convenience store to a pawn shop that it was not zoned for use as a pawn shop, then you may not grant a variance to Vernon’s as the hardship would be self-inflicted. However, if you find that Vernon’s did not know at the time that Vernon’s converted the convenience store to a pawn shop, then the hardship would not be self-inflicted and this would not be a ground upon which you could deny the variance. Board of Zoning Adjustment v. LaGrange Church, 507 So.2d 538, 539 (Ala.Civ.App.1987).”
Vernon’s contends that the concept of self-inflicted hardship was a material issue at trial; therefore, the failure of the trial court to give the requested charge was reversible error.
Each party is entitled to have correct instructions given the jury regarding the issues presented. Failure to give a proper instruction as to any theory of the case to which a proper objection is made is *311 reversible error. Health Maintenance Group v. Rutledge, 459 So.2d 889 (Ala.Civ.App.1984). Here we must initially determine whether the concept of self-inflicted hardship was an issue presented at trial. If so, we must then determine whether Vernon’s requested charge correctly reflects the law in Alabama concerning self-inflicted hardships.
A variance may be granted
“where, due to special conditions, a literal enforcement of the ordinance would result in unnecessary hardship, provided that the variance will not be contrary to public interest and the spirit of the ordinance will be observed and substantial justice done.”
Lawless v. Smith, 481 So.2d 1144, 1146 (Ala.Civ.App.1985); Ala.Code 1975, § 11-52-80(d)(3). Therefore, the primary consideration in a variance case is whether, due to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary hardship. Martin v. Board of Adjustment, 464 So.2d 123 (Ala.Civ.App.1985).
In determining what constitutes an unnecessary hardship, no one factor, but all relevant factors taken together, must indicate that the plight of the premises is unique in that it cannot be put to a conforming use because of the limitations imposed upon it by reason of its classification in a particular zone. Ex parte Chapman, 485 So.2d 1161 (Ala.1986). When a hardship is self-created or self-inflicted, however, there is no basis for a claim that a variance should be granted. Martin, supra. When the owner, by his own conduct, creates the exact hardship which he alleges exists, he should not be permitted to take advantage of it. Ex parte Chapman, supra.
Here, Vernon’s introduced evidence tending to show that it suffered from an unnecessary hardship in that its property, as renovated, could not be put to a conforming use. There was testimony that Vernon’s relied on the erroneously issued building permit to renovate the building. Evidence was also presented that Vernon’s purchased the property on the assumption that the property was zoned for use as a pawn shop due to the fact that the area surrounding the property contained businesses that it thought to be similar in nature to a pawn shop.
As we see it — and in an effort to rebut Vernon’s unnecessary hardship argument — the Board interjected evidence regarding the location and zoning classification of another pawn shop owned by Vernon’s. The purpose was to show that the unnecessary hardship was self-inflicted because at the time of the purchase Vernon’s was aware of the zoning classification needed to operate a pawn shop.
The record clearly reveals that self-inflicted hardship was at issue. We must now determine whether the requested charge by Vernon’s is a correct statement of law.
The Board contends that the requested charge is an incorrect statement of the law because it focuses on an “individual plight rather than on the plight of the land as required by law.” It is true that when unnecessary hardship is at issue the primary focus is on the condition of the land. Self-inflicted hardship, however, is a completely different and distinct concept. In Alabama, self-inflicted hardship is an absolute bar to a variance. Ex parte Chapman, supra; Board of Adjustment v. LaGrange Church of the Nazarene, Inc., 507 So.2d 538 (Ala.Civ.App.1987); Board of Adjustment v. Creel, 500 So.2d 1147 (Ala.Civ.App.1986); Lawless v. Smith, supra; Martin v. Board of Adjustment, supra. In other words, self-inflicted hardship is a defense which may be raised to defeat the applicant’s unnecessary hardship argument. As noted previously, in dealing with the concept of self-inflicted hardship the primary focus is on the owner’s conduct. Ex parte Chapman, supra. More specifically, where an applicant for rezoning purchases property or makes improvements with knowledge of the restrictions from which he seeks relief, the hardship has been determined to be self-inflicted. Board of Adjustment v. Creel, supra; Martin v. Board of Adjustment, supra. *312 In view of the above, we find the requested charge of Vernon’s to be a correct reflection of the law in Alabama concerning the concept of self-inflicted hardship.
The trial court erred in refusing to instruct the jury on the concept of self-inflicted hardship. Accordingly, this case is reversed and remanded to the trial court for a new trial.
APPLICATION FOR REHEARING GRANTED.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.