RUSSELL, Judge.
This is an appeal from the denial of a petition for a variance.
On March 27, 1989, Edward M. Behm (appellant) petitioned the City of Mobile Board of Zoning Adjustment (Board) for a use variance. That request was denied. Subsequently, an appeal was filed to the Circuit Court of Mobile County, and on November 9, 1989, that court entered an order upholding the decision of the Board.
This appeal followed. We affirm.
We find the dispositive issue to be whether the trial court erred in concluding that there existed no “unnecessary hardship” which would justify the grant of a variance to the appellant.
Initially, we note that a decision of a trial court following an ore tenus proceeding is presumed correct and will not be reversed unless it is “plainly and palpably wrong.” Board of Adjustment v. Creel, 500 So.2d 1147 (Ala.Civ.App.1986). To obtain a use variance, a landowner must demonstrate that, as a result of enforcement of the zoning ordinance, his property will suffer unique or peculiar hardships not common to other property in the same zoning district. Ex Parte Chapman, 485 So.2d 1161 (Ala.1986). Furthermore, it is well established that, where the hardship is self-inflicted, it cannot serve as grounds for the grant of a variance. Id.
We find that the appellant failed to demonstrate that he suffers any unnecessary hardship as a result of a zoning ordinance limiting the use of his property to a single-family dwelling. The appellant’s contention appears to be that he will suffer an economic loss if he is not allowed to use his property for commercial purposes.
However, “mere financial loss of a kind which might be common to all of the property owners in a use district is not an ‘unnecessary hardship.’ ” Nelson v. Donaldson, 255 Ala. 76, 84, 50 So.2d 244, 251 (quoted with approval in Sanders v. Board of Adjustment, 445 So.2d 909, 912 (Ala.Civ.App.1983), and in Priest v. Griffin, 284 Ala. 97, 101, 222 So.2d 353, 357 (1969)). Consequently, the fact that the appellant might be able to make a greater profit by using his property for commercial purposes *317 is not sufficient to constitute “unnecessary hardship."
Finally, we note that the appellant testified that he had purchased the subject property without first investigating whether zoning restrictions would allow him to use the property for commercial purposes. Subsequently, he began renovation of the property, again without knowledge of the limitations regarding its use. Thus, we find that any hardship suffered by the appellant was self-inflicted and cannot serve as grounds for the grant of a variance. Board of Adjustment v. VFW Post 8600, 511 So.2d 216 (Ala.Civ.App.1987).
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.