The Board of Zoning Adjustment of the City of Mobile ("the Board") petitioned for certiorari review of a judgment of the Court of Civil Appeals affirming a judgment of the trial court, which had granted a use variance to Don Williams. The variance allowed him to operate a mobile home sales business in an area not zoned for that purpose.
 I.
Williams has operated the Sea Pines residential mobile home park, located in an "R-3" — multi-family residential — district of Mobile since 1977. The Sea Pines park is located on a 70-acre tract on which 450 mobile home lots have been developed, with nearly 250 lots currently occupied. Although the record is conflicting in regard to the year Williams began his mobile home sales operation, it appears that, because of a stagnant demand for mobile home rental lots, he began commercial sales of new mobile homes at the park in early 1991.[1]
In preparation for his sales operation, he obtained a sales license from the city revenue department in July 1990. However, this license was improperly issued, because Williams had not *Page 417 
obtained the required zoning clearance certificate.
According to Mobile's zoning plan, mobile home sales are proper in an area zoned "B-3" for commercial use, but not in an area zoned "R-3." Following a complaint to the City of Mobile, Williams was cited for his violation of the zoning law in March 1992.
Thereafter, Williams applied to the Board for a use variance from the "R-3" residential zoning that would allow him to continue his sales business. The Board denied his application. As allowed by Ala. Code 1975, § 11-52-81, Williams appealed for a de novo review by the Mobile Circuit Court, which ordered the Board to grant Williams a variance allowing mobile home sales, subject to certain limitations.[2] The Board appealed to the Court of Civil Appeals, which affirmed the trial court's order. Boardof Zoning Adjustment of the City of Mobile v. Williams,636 So.2d 413 (Ala.Civ.App. 1993). The Board then petitioned this Court for a writ of certiorari; we granted that petition.
 II.
The trial court heard this case without a jury. Where evidence is presented to the trial court ore tenus, the court's findings of fact are presumed correct; its findings will not be disturbed except for a plain and palpable abuse of discretion.Marvin's, Inc. v. Robertson, 608 So.2d 391 (Ala. 1992); City ofBridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala. 1990). The judgment of the trial court based on ore tenus
evidence in a nonjury case is presumed to be correct; however, that presumption has no application when the trial court is shown to have improperly applied the law to the facts.Marvin's, Inc., supra; Richard Brown Auction Real Estate,Inc. v. Brown, 583 So.2d 1313 (Ala. 1991); Smith v. StyleAdvertising, Inc., 470 So.2d 1194 (Ala. 1985).
 III.
The sole issue in this case is whether the Court of Civil Appeals, in reviewing the trial court's order, properly applied the law regarding the "unnecessary hardship" that must be shown in order for a property owner to receive a zoning use variance. The Court of Civil Appeals held that the trial court's ruling — that Williams had established a showing of "unnecessary hardship" — was not plainly and palpably wrong, and it affirmed the trial court's judgment. Williams, supra, 636 So.2d at 414. It reasoned that the restrictions placed on the variance were "a reasonable and effective means of protecting the public interest." Id. at 415.
Although we also, based on the ore tenus standard, defer to the trial court's findings of fact, we note that to answer the question whether Williams made the required showing of "unnecessary hardship" requires an application of law to the facts. The Board contends that the Court of Civil Appeals applied the wrong review standard in deferring to the trial court's holding that Williams had proven an "unnecessary hardship." For the reasons set forth below, we agree.
 IV.
Variances from zoning ordinances are to be granted sparingly and only under unusual and exceptional circumstances where a literal enforcement of the ordinance would result in unnecessary hardship. Ex Parte Chapman, 485 So.2d 1161 (Ala. 1986); Ala. Code 1975, § 11-52-80(d)(3). Williams claims that he proved an "unnecessary hardship" by showing that his residential mobile home park was financially unsuccessful until 1991, when he began selling new mobile homes on the property. Williams contends that his mobile home park could not stay in business without the sales operation, because he could not otherwise "fill up" all the lots and would eventually be forced into bankruptcy. He further contends that because of the layout of the utility systems, there is no *Page 418 
feasible economic use for the property other than as a mobile home park.
In response, the Board argues that Williams's claim that his mobile home park business would ultimately go bankrupt without the on-site mobile home sales business is insufficient to establish a showing of "unnecessary hardship." The Board refers this Court to Foster Kleiser Outdoor Advertising, Inc. v.University Furniture Galleries, Inc., 500 So.2d 29
(Ala.Civ.App. 1986), and Ex Parte State Health Planning Dev. Agency,500 So.2d 1149 (Ala.Civ.App. 1986), where the Court of Civil Appeals ruled that mere economic hardship is an insufficient justification for granting a use variance from a zoning ordinance.
The Board notes that Williams also owns property located on Dauphin Island Parkway in close proximity to his mobile home park; that Dauphin Island Parkway property is in a zoning classification that would permit mobile home sales. The Board further notes that Williams cannot begin mobile home sales operations on the parkway site until paving and landscaping requirements have been complied with, but that the use variance he has been granted allows him to continue his sales operations at the Sea Pines mobile home park without meeting those requirements at the Sea Pines location. The Board contends that Williams could easily move his sales operation to the nearby Dauphin Island Parkway site and that he has not shown that on-site mobile home sales are required in order to continue operating the Sea Pines residential park. In fact, Williams testified at trial that there were no obstacles, other than the landscaping and paving requirements, preventing him from moving his sales operation to the parkway location.
Thus, the Board argues that the trial court erred in applying the law of "unnecessary hardship" to the facts of this case and that the Court of Civil Appeals improperly deferred to the trial court's application of law. When a trial court improperly applies the law to the facts, the presumption of correctness otherwise applicable to the trial court's judgment has no effect. Marvin's, supra; Richard Brown Auction Real Estate, supra.
In response, Williams cites several cases in which "unnecessary hardship" variances were granted where businesses would otherwise have been forced to suffer significant financial losses. See Board of Zoning Adjustment of the City ofHuntsville v. Mill Bakery Eatery, Inc., 587 So.2d 390
(Ala.Civ.App. 1991); Johnson v. Board of Adjustment of the City ofHuntsville, 496 So.2d 86 (Ala.Civ.App. 1986). However, these cases are distinguishable on the fact that the businesses had invested significant sums of money in reasonable reliance on a previous variance or valid building permit. Williams has shown no evidence of a similar detrimental reliance.
The economic losses Williams claims as his showing of "unnecessary hardship" are losses of future income and, thus, are speculative and only anticipated, while in the cases where variances were granted the economic losses represented real sums of money the businesses had already spent. It is clear that the loss of potential future economic gain on the part of the landowner is insufficient to establish an "unnecessary hardship" justifying the grant of a use variance. Behm v. Boardof Zoning Adjustment of the City of Mobile, 571 So.2d 315,316-17 (Ala.Civ.App. 1990) ("the fact that the [property owner] might be able to make a greater profit by using his property for commercial purposes is not sufficient to constitute 'unnecessary hardship' " justifying a variance from residential zoning); Lawless v. Smith, 481 So.2d 1144
(Ala.Civ.App. 1985).
We conclude that although the trial court attempted a compromise by placing limitations on Williams's use variance, it erred in applying the law of "unnecessary hardship" to the facts of this case. We also conclude that the Court of Civil Appeals erred in deferring to the trial court on that issue of law. Because we conclude, applying the proper legal standard, that Williams did not make a showing of "unnecessary hardship," the judgment of the Court of Civil Appeals affirming the trial court's order granting Williams a variance must be reversed. Thus, we need not address the defense of "self-inflicted hardship" raised by the Board. See *Page 419 Ex parte Chapman, supra; Vernon's Tri-State Pawn, Inc. v. Cityof Mobile Board of Adjustment, 571 So.2d 309 (Ala.Civ.App. 1990).
 V.
The judgment of the Court of Civil Appeals affirming the trial court's ruling must be reversed and this cause remanded with instructions for the Court of Civil Appeals to remand it to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.
[1] On Williams's application for a use variance, he stated in three places that he had begun selling mobile homes on the property in 1979. However, at trial he testified that he began the sales operation in 1991.
[2] The limitations placed on the use variance by the trial court include: (1) there must be at least 100 mobile homes in use as residences at the Sea Pines park; (2) the sale of new mobile homes must occur at a point not be visible from the street; (3) there may be no more than eight new mobile homes for sale at one time; and (4) the sale of mobile homes must be conducted within 300 feet of the park's clubhouse, which also houses the management office.