WRIGHT, Retired Appellate Judge.
Grover E. Asmus, Barbara F. Asmus, Kenneth Schor, Madeleine Desmonts, Patrick H. Sims, and Barbara A. Sims appeal from a judgment of the Baldwin County Circuit Court, which affirmed the Ono Island Board of Adjustment’s grant of a variance to Charles Chappuis.
In 1992 the Baldwin County Commission passed a special zoning ordinance for Ono Island. The ordinance adopted the existing rules and regulations governing all waterfront structures for Ono Island. Regulation 2.21 governs the standards for “boat docking, facilities, piers and open wharves built over water which are accessible from land on Ono Island.” Owners of perimeter lots in the Old River, the Bayou St. John, and the Perdido Bay areas of Ono Island are permitted to construct docks, piers, or open wharves which do not extend into “navigable waters or [exceed] 150 feet.” A 1993 zoning ordinance authorized the Ono Island Board of Adjustment to grant or deny variances from the zoning ordinances or regulations.
In January 1993 Chappuis purchased an undeveloped waterfront “Old River” lot on Ono Island. Chappuis did not inquire about, nor did he investigate, the zoning regulations governing the property before he purchased the property. In March 1995 Chappuis filed a request with the Ono Island Board of Adjustment, seeking a variance from regulation 2.21 in order to construct a pier, a covered deck, and a boathouse facility that would extend 214 feet from the shore. The Board notified nearby property owners of Chap-puis’s request. In April 1995 the Board held a public hearing, at which the owners of seven adjacent lots objected to the requested variance. Thereafter, the Board granted Chappuis’s request.
The property owners filed a notice of appeal with the Baldwin County Circuit Court. *1244 Subsequently,’ Chappuis filed a motion to intervene, which the trial court granted. Following oral proceedings, the trial court entered a judgment, affirming the Board’s grant of a variance.
The property owners appeal, contending that the Board erred in granting Chappuis a variance because, they say, Chappuis failed to establish an unnecessary hardship which would entitle him to a variance.
Variances from zoning ordinances are to be granted sparingly and under unusual circumstances, where enforcement of the ordinance would result in unnecessary hardship. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala.1994); Ex parte Chapman, 485 So.2d 1161 (Ala.1986). Whether “unnecessary hardship” exists is a question of fact; however, the trial court’s determination of the existence or nonexistence of unnecessary hardship is not entitled to deference on appeal, because that issue requires an application of law to the facts. Ex parte Board of Zoning Adjustment of the City of Mobile; Board of Zoning Adjustment of the City of Mobile v. Dauphin Upham Joint Venture, 688 So.2d 823 (Ala.Civ.App.1996).
This court has explained that “unnecessary hardship” exists “where a zoning ordinance, when applied to the property in the setting of its environment, is ‘so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property.’ McQuillin, [Municipal Corporations ] at § 25.167 [ (3d ed.1983) ].” Board of Zoning Adjustment of the City of Mobile, 688 So.2d at 825 (quoting Ex parte Chapman, 485 So.2d at 1162). Our supreme court has approved the following definition of unnecessary hardship:
“ ‘ “No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must' indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone.” ’ ”
Ex parte Chapman, 485 So.2d at 1162 (quoting City of Mobile v. Sorrell, 271 Ala. 468, 471, 124 So.2d 463, 465 (1960)). Mere hardship or inconvenience is not enough to justify the grant of a variance. Id. Moreover, a self-inflicted or self-created hardship cannot be the basis for a variance. Ex parte Chapman.
The record reveals the following pertinent facts: The United States Corps of Engineers and the Alabama Department of Environmental Management (ADEM) have passed regulations prohibiting the construction of piers, docks, and wharves in underwater “grassbeds,” unless a variance is obtained. There are a number of “grassbeds” along the shores of Ono Island.
Chappuis constructed a 150-foot “finger pier” from the shore of his property. The pier complies with the zoning ordinance and is at a sufficient depth to allow Chappuis to dock his boat. Chappuis testified that he wanted to build- a covered deck and a boathouse so that he could take his boat out of the water. He also testified that .he could not build a boathouse within 150 feet of the shore because the water was too shallow and that to avoid the underwater “grassbed,” he would have to build his pier, his covered deck, and his boathouse 214 feet from the shore. Asmus and the other property owners objected to the variance, asserting that Chappuis’s construction of a 214-foot pier, a covered deck, and a boathouse would interfere with the navigation of boats in the channel and would at low tides in the summer and winter prohibit access by some property owners to their piers.
Chappuis’s request for a variance was based on his desire to build a covered deck and a boathouse. Chappuis neither investigated nor inquired about the zoning regulations before he purchased the property. Once Chappuis learned of the zoning regulations, he did not request a variance from the Corps of Engineers or ADEM before seeking a variance from the Board.
Chappuis’s asserted unnecessary hardship was that because of the underwater “grass-bed,” he could not build a covered deck and a boathouse within 150 feet of the shore. Chappuis admitted that the “grassbed” prob *1245 lem is not unique to his property. Moreover, Chappuis admitted that he has a conforming use — a 150-foot “finger pier.” After carefully reviewing the evidence, we conclude that Chappuis failed to establish that the zoning restriction of a 150-foot maximum pier length constitutes an arbitrary and capricious interference with the basic right of private property. Therefore, we conclude that Chappuis failed to establish an unnecessary hardship which would entitle him to a variance. Thus, we need not address the defense of “self-inflicted hardship” raised by Asmus and the other property owners.
The judgment of the trial court is reversed and this cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.